**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William Lawrence POTTER,
Defendant–Appellant.**

No. 88–1497.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 16, 1989.

Decided Feb. 7, 1990.

Charles M. Bonneau, Sacramento, Cal., for defendant-appellant.

David F. Levi, U.S. Atty., Dale E. Kitching, Sp. Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before GOODWIN, PREGERSON and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Defendant William L. Potter was convicted under 18 U.S.C. § 922(g)(1) for possession of a firearm by a felon. His sentence was enhanced pursuant to 18 U.S.C. § 924(e)(1), which mandates a fifteen-year minimum prison term for persons convicted under section 922(g)(1) who have been convicted of three prior "violent felonies." Potter appeals on two grounds. First, he appeals the district court's denial of his motion to suppress the gun found in his possession, alleging that it was found pursuant to an illegal search. Second, Potter asserts that his sentence was improperly enhanced under Section 924(e)(1) because he did not have three predicate violent felonies. We reject both of Potter's contentions and affirm his conviction and sentence.

## I. FACTS

On April 4, 1988, Officer Paul Schabert of the City of Sacramento Police Department received a radio call regarding drug sales activity in front of an apartment complex at 3110 W Street in Sacramento. Officer Schabert arrived at the apartment complex within two minutes of the call. He parked his patrol car nearby in an alley and approached quietly in order to observe any activity in front of the complex without being seen.

Officer Schabert saw a male, later identified as appellant Potter, and a female sitting on a stoop in front of apartment No. 1. When his backup, Officer Wendy Henning, pulled up in front of the apartment complex in her police car, Officer Schabert saw Potter get off the stoop and peer in the direction of Officer Henning's car. Potter then abruptly walked back in the other direction toward a bush, removed some items from his waistband or pocket and placed them in the bush. Potter returned to the woman with whom he had been sitting as Officer Henning approached them. Officer Schabert went to the bush and found a bag of white powder and three hypodermic syringes. Believing that the white powder was methamphetamine and that the syringes were possessed illegally, Officer Schabert decided to arrest Potter.

Before making the arrest, Officer Schabert conducted a cursory pat-down search. Potter drew back, but Officer Schabert felt what he believed to be a concealed weapon. Officer Schabert then pulled Potter back toward him and threatened to draw his own weapon; Potter thereafter cooperated in the search and Schabert removed a loaded .32 caliber handgun from a shoulder holster under Potter's sweater. Officer Schabert arrested Potter, and retrieved the bag of white powder and the syringes from the bush, along with a burnt spoon. The powder proved to be methamphetamine.

Potter filed a motion to suppress the gun in the district court arguing first that Officer Schabert did not have reasonable suspicion to believe that he had committed a crime or that he was armed and dangerous, and second that the pat-down was not a valid search incident to an arrest. The district court denied the motion following an evidentiary hearing, and Potter entered a conditional guilty plea, reserving his right to appeal the denial of his suppression motion. The district court, relying on a presentence investigation report that listed four prior felonies, sentenced Potter to a seventeen-year term of imprisonment pursuant to the enhancement provisions of 18 U.S.C. § 924(e)(1).

## II. SUPPRESSION OF THE GUN

In denying Potter's motion to suppress the gun, the district court held that Officer Schabert's observations of Potter's conduct and the items of contraband he found constituted probable cause for Potter's arrest for possession of narcotics and narcotics paraphernalia; that the discovery and seizure of the gun was incident to Potter's arrest; and, in the alternative, that Officer Schabert discovered the gun in a lawful "frisk" under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Because we agree with the district court that there was probable cause to arrest Potter and that the gun was found in a valid search incident to his arrest, we need not reach the question whether Officer Schabert had reasonable suspicion to frisk him under *Terry v. Ohio.*

The district court concluded that Officer Schabert had probable cause to arrest Potter at the time he conducted his cursory pat-down of the appellant. A determination of probable cause is a mixed question of law and fact which this court reviews *de novo. United States v. Merriweather*, 777 F.2d 503, 505 (9th Cir.1985), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1497, 89 L.Ed.2d 898 (1986). A district court's findings as to the underlying facts, however, are reviewed only for clear error. *Id.* Probable cause is a practical, nontechnical concept. *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949). Probable cause exists when, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant]

had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir.1986); *see also United States v. Morgan*, 799 F.2d 467, 469 (9th Cir.1986). Probable cause to arrest must exist *before* an officer undertakes a search incident to arrest; therefore, any items discovered during the search cannot support a determination of probable cause. *Id.*

■ Officer Schabert had probable cause to arrest Potter before discovering the concealed weapon. Officer Schabert's testimony at the evidentiary hearing, which the district court specifically found to be credible, established that Officer Schabert had received a radio dispatch reporting drug activity at a certain address. He arrived at the address within two minutes of the call and watched Potter respond to the appearance of a police car by leaving his seat, peering in the direction of the car, and walking abruptly in the other direction, toward a bush. He then watched Potter bend down and two separate times remove objects from his waistband or pocket and place them in the bush. When Officer Schabert went to the bush, he found a bag of white powder and three hypodermic syringes.

California law makes it illegal to possess hypodermic syringes in all but a few rare instances. Cal.Bus. and Prof.Code § 4149. Officer Schabert, an eleven-year veteran of the police force, was aware of this fact. In addition, he had made numerous arrests involving narcotics and knew that drugs such as powdered cocaine and methamphetamine were frequently packaged in plastic bags. He believed that the white powder in the bag was methamphetamine. Given his observations of Potter's conduct, his discovery of the syringes and the plastic bag, and his failure to see any other items

in the bush, Officer Schabert reasonably inferred that it was Potter who had attempted to conceal the narcotics. We hold, as did the district court, that Officer Schabert's observations, together with the contraband found in the bush, provided probable cause to arrest Potter on narcotics charges.[1]

■ Once Officer Schabert had probable cause to arrest Potter, he was entitled to search him before formally making the arrest. A search incident to an arrest is valid whether it occurs immediately before or after the arrest. In *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980), the Supreme Court upheld a search that preceded a formal arrest as incident to that arrest, stating:

> [T]he police clearly had probable cause to place petitioner under arrest. Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.

*See also, United States v. Salazar*, 805 F.2d 1394, 1399 (9th Cir.1986) ("If the police had probable cause to place Salazar under arrest and the fruits of the search of the bag were not necessary to support that probable cause, the Supreme Court's holding in *Rawlings v. Kentucky* controls.") (citation omitted); *Morgan*, 799 F.2d at 469. Because Officer Schabert had probable cause to arrest Potter, his pat-down of the appellant before placing him under arrest was a valid search incident to Potter's arrest. The district court's denial of Potter's motion to suppress the gun found during that pat-down search was therefore proper.[2]

---

1. Potter argues that Officer Schabert should have tested the powder to make sure it was methamphetamine before arresting him. Probable cause, however, "merely requires that the facts available to the officer would 'warrant a man of reasonable caution' in the belief that certain items may be contraband." *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (citation omitted).

2. Appellant relies on *United States v. Parr*, 843 F.2d 1228 (9th Cir.1988), to argue that a search

preceding a formal arrest is not a valid search. Potter's reliance on *Parr* is misplaced. In *Parr*, we held that an officer could not search a gym bag located inside a suspect's car during a routine traffic stop without placing the suspect under arrest. *Parr* involved the "search incident to arrest" exception to the warrant requirement as it applies to automobiles; in that context a search of the contents of the entire passenger compartment of a suspect's car is valid if incident to a full "custodial arrest," but not if pursu-

## III. ENHANCEMENT UNDER § 924(e)

Following Potter's conditional guilty plea to possession of a gun by a convicted felon in violation of 18 U.S.C. § 922(g)(1), the district court sentenced him to a seventeen-year term of imprisonment pursuant to 18 U.S.C. § 924(e)(1). Section 924(e)(1) requires that all those convicted under § 922(g)(1) who have three prior convictions for "violent felonies" receive a mandatory minimum sentence of fifteen years. In determining the appropriate sentence, the district court relied on a presentence investigation report which listed, among other things, four prior felonies: two robberies in 1976, a burglary in 1981 and a rape by force in 1981. At the sentencing, defense counsel conceded the applicability of § 924(e)(1) but argued that Potter should receive only the mandatory minimum of fifteen years, not the seventeen-year term recommended by the probation officer, because Potter had committed only three violent offenses. Counsel argued that the two robbery convictions in 1976 were part of a single common scheme or plan. She raised no objections to the use of the burglary or rape convictions.

On appeal, Potter renews his argument that the two robberies should only count as one criminal episode, and also challenges the use of his burglary and rape convictions for purposes of enhancement under § 924(e)(1). He now contends that there was not a sufficient number of "violent felonies" to warrant enhancement; at the same time he has dropped his challenge to the imposition of a seventeen rather than a fifteen-year sentence.[3] In addition, Potter claims that his right to due process under the fourteenth amendment was violated because the government was not required to prove his three prior convictions beyond a reasonable doubt.

Potter first argues that his sentence was improperly enhanced under § 924(e)(1) be-cause he did not have the requisite three prior convictions for "violent felonies."

§ 924(e)(1) provides in pertinent part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ...

"Violent felony" is defined in § 924(e)(2)(B) as follows:

[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The district court held that all four felonies listed in the presentence investigation report qualified as "violent felonies." A district court's interpretation and application of the Armed Career Criminal Act is reviewed *de novo*. *United States v. Chatman*, 869 F.2d 525, 527 (9th Cir.1989). However, since Potter failed to raise any challenge to his burglary and rape convictions below, the district court's use of these two convictions for purposes of enhancement under § 924(e)(1) is reviewed for plain error only. *United States v. Lancellotti*, 761 F.2d 1363, 1367 (9th Cir.1985). We address Potter's challenges to the use of each of his convictions in turn.

### a. *The 1976 Robberies*

■ Potter does not argue that his robbery convictions do not constitute "violent felonies," but rather suggests that the two

ant to a "routine" traffic arrest. *See Parr*, 843 F.2d at 1230.

**3.** The district judge announced that his decision to sentence Potter to a seventeen rather than a fifteen-year term was not dependent on Potter's

having been convicted of four rather than three violent crimes. Thus, counsel may well have concluded that there is little basis for pursuing the original objection to the sentence.

robberies should only count as one incident for the purposes of § 924(e)(1). The two robberies involved two separate victims at two separate locations, but occurred on the same night within a short period of time. The presentence investigation report describes them as "part of a single common scheme or plan." The Eighth Circuit has held that the predecessor to § 924(e)(1), 18 U.S.C. 1202(a), "was intended to reach multiple criminal episodes that were distinct in time, not multiple felony convictions arising out of a single criminal episode." *United States v. Petty*, 828 F.2d 2, 3 (8th Cir.1987), *cert. denied*, 486 U.S. 1057, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988); *see also, United States v. Towne*, 870 F.2d 880, 889–90 (2nd Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989). The defendant in *Petty* had been convicted of robbing six individuals simultaneously in a restaurant. We distinguished *Petty* in *United States v. Wicks*, 833 F.2d 192, 194 (9th Cir.1987), *cert. denied*, — U.S. ——, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988), in which the defendant had committed "two burglaries at two different places at two different times." The offenses in *Wicks*, like the ones here, occurred on the same night and were prosecuted together. In *Wicks*, we held that the language of § 1202(a), which is nearly identical to the language of its successor § 924(e), "encompasses any person with three predicate convictions, whenever obtained." *Id.* at 193. We did note, however, that the offenses at issue in *Wicks*, because they occurred at different times, were distinct from the convictions for simultaneous robberies involved in *Petty*. *Id.* at 194. Here, the record is sparse and we are not advised what or how close the connection was between the two robberies, the victims, or the locations.

We need not decide whether to follow the Eighth Circuit in counting multiple convictions for a single criminal episode as only one conviction for purposes of enhancement, nor even whether the presentence investigation report's description of Potter's two robberies as part of a single common scheme or plan would suffice to characterize Potter's robberies as a single crim-

inal episode, because we hold that Potter's convictions for burglary and for rape by force in 1981 were properly used to enhance his sentence under § 924(e). Therefore, even if we were to count Potter's two robbery convictions as only one for purposes of enhancement, Potter would still have the necessary three predicate "violent felonies."

### b. *The 1981 Burglary*

■ In *United States v. Chatman*, 869 F.2d at 527, 530, we held that only burglary convictions under state statutes that meet the common law definition of burglary subject a defendant to an enhanced sentence under § 924(e). *See also United States v. Cunningham*, 878 F.2d 311, 312 (9th Cir.), *reh'g denied*, 890 F.2d 199 (1989). Potter argues that California's definition of burglary does not coincide with the common law definition, and therefore his California first degree burglary conviction cannot be used to enhance his sentence. Potter's argument is without merit. At the time Potter was convicted of burglary, California Penal Code § 460 defined first degree burglary as follows:

> Every burglary of an inhabited dwelling house, or trailer coach as defined by Vehicle Code or the inhabited portion of any other building committed in the nighttime, is burglary in the first degree.

This definition included all the elements of common law burglary. That California changed its burglary statute in the years following Potter's conviction is irrelevant. Potter's 1981 conviction for first degree burglary was properly used to enhance his sentence under § 924(e)(1).

### c. *The 1981 Rape By Force*

■ Potter argues that his 1981 conviction for rape does not constitute a "violent felony" for purposes of enhancement under § 924(e)(1). He contends that the California rape statute in existence in 1981 listed a number of types of illegal sexual intercourse, not all of which were "violent" within the meaning of § 924(e)(1). Under our analysis in *United States v. Sherbondy*, 865 F.2d 996 (9th Cir.1988), to deter-

mine whether a defendant's prior conviction was for a "violent felony" under § 924(e)(1), a court is not to examine the underlying facts of the prior conviction but rather is to look at the statute under which the defendant was convicted. *Sherbondy*, 865 F.2d at 1005–06, 1009–10. For a conviction to qualify as a predicate "violent felony," that statute must either have as an *element* "the use, attempted use, or threatened use of physical force against the person of another" 18 U.S.C. § 924(e)(2)(B)(i), or by necessity must involve conduct "that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *see Sherbondy*, 865 F.2d at 1010–11. If the defendant could have been convicted of the prior crime without using or threatening force against or risking serious injury to another person, then the prior conviction does not constitute a "violent felony" and cannot be used to enhance his sentence. *Id.*

■ Potter's presentence investigation report noted that he had been convicted of "Rape by Force" in 1981. California's 1981 rape statute mentioned the use of force in only one section. Cal. Penal Code § 261(2) stated:

> Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances;
>
> (2) where it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person or another.

The other subsections of § 261 prohibited, *inter alia*, nonconsensual sexual intercourse with a person incapable of consent because of mental incapacity, unable to resist because of intoxication, unconscious of the nature of the act, or deceived into believing the perpetrator is the victim's spouse.

4. If indeed Potter was convicted under § 261(2), it is irrelevant that other provisions of California's 1981 rape statute may have defined rape in a way that would not constitute a "violent felony." It is only where, as in *Sherbondy*, a defendant has been convicted under a particular provision of a statute that does not require the use

We have no doubt that a conviction under § 261(2) constitutes a "violent felony" for the purposes of enhancement under § 924(e)(1). To be convicted under § 261(2), a defendant must either use force or commit acts which cause fear of immediate bodily injury to the victim or another. *People v. Montero*, 185 Cal.App.3d 415, 424, 229 Cal.Rptr. 750, 753 (Cal.App. 4 Dist. 1986). The victim's fear must be genuine and reasonable given the perpetrator's conduct. *People v. Barnes*, 42 Cal.3d 284, 304, 228 Cal.Rptr. 228, 240, 721 P.2d 110, 123 (1986). The use or attempted or threatened use of force against another person is thus an element of the offense which must be proven in order to convict a defendant under § 261(2).[4] However, the presentence investigation report, while noting Potter's conviction for "Rape by Force," does not mention the specific statutory section (and subsection) under which Potter was convicted. We are thus faced with the question of what constitutes the quantum of proof necessary to determine that a given prior conviction was for a "violent felony" under § 924(e)(1).

#### d. *Proof of Prior Convictions under § 924(e)(1)*

■ Potter argues that the government must prove beyond a reasonable doubt that he was previously convicted of committing three "violent felonies." Due process requires that the elements of a statutory offense be proven by that standard. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A lesser standard is applied, however, with respect to sentence enhancement provisions. In *United States v. West*, 826 F.2d 909 (9th Cir.1987), we held that the predecessor to § 924(e)(1), 18 U.S.C.App. § 1202(a), was a sentence enhancement provision and did not create a separate offense; thus, we held, the government was not required to prove the predicate three prior convictions beyond a

or threatened use of force against another person and does not involve the risk of serious injury to another person that we say that the defendant's prior crime does not constitute a "violent felony" within the meaning of § 924(e)(1).

reasonable doubt. In *United States v. Chatman*, 869 F.2d 525, 528 (9th Cir.1989), we observed that the statute at issue, the Armed Career Criminal Act, 18 U.S.C. § 924(e), also "does not create a new Federal crime, but merely enhances the penalty for the existing Federal offenses relating to firearms." (citation to *West* omitted)[5] We agree with the *Chatman* observation and now hold that under § 924(e)(1) proof beyond a reasonable doubt is not required for purposes of enhancement. *Accord, United States v. Quintero*, 872 F.2d 107 (5th Cir.1989); *United States v. Dickerson*, 857 F.2d 414 (7th Cir.1988).

■■■■ Nevertheless, it is important that the sentencing court and the appellate court be certain of the specific statutory sections under which the defendant previously was convicted; all too often a popular description of a prior offense will not enable the court to determine whether the relevant statute falls within the coverage of § 924(e)(1). Our analysis in *Sherbondy* directs the sentencing court and the court of appeals to the statutes under which the defendant previously was convicted to determine whether he was convicted of "violent felonies" within the meaning of § 924(e)(1). The consequences of such determinations for the defendant are severe. Although the defendant may have done nothing more than be found in possession of a firearm, if the sentencing judge determines that he has been convicted of three prior "violent felonies," the court has no choice but to sentence him to prison for a minimum of fifteen years, with no possibility of parole. Given the gravity of the penalty and *Sherbondy*'s emphasis on the statutory elements of the prior offense, we conclude that a court should have copies of the judgments of conviction before it when determining whether a defendant has previ-

ously been convicted of "violent felonies" within the meaning of § 924(e)(1), although we do not foreclose the possibility that a defendant's conviction under a specific statutory section or subsection might be established by some other form of clearly reliable evidence. A presentence investigation report does not meet even the latter requirement.

■■■■ Our holding, however, does not require the reversal of Potter's sentence. At the time of sentencing, Potter's counsel did not raise any objection to the district court's reliance on the presentence investigation report, or the burglary or rape convictions listed in the report. Instead, she conceded that sentencing under § 924(e)(1) was appropriate and objected only to counting the robberies as two convictions rather than one.[6] On that basis, she argued that there were three priors not four and that the sentence should be fifteen rather than seventeen years. We therefore review the district court's reliance on the presentence investigation report under the plain error standard.

Plain error is "a highly prejudicial error affecting substantial rights." *United States v. Giese*, 597 F.2d 1170, 1199 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). We cannot reverse for plain error absent a showing of prejudice. *United States v. Rushdan*, 870 F.2d 1509 (9th Cir.1989), *citing United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir.1986). Potter made no assertion below or on appeal that "Rape by Force" was an inaccurate description of his rape conviction, or that he was convicted under some section other than § 261(2). His counsel has not suggested that the use of the presentence investigation report prejudiced Potter in any way. Therefore, under the

---

5. Moreover, as we noted in *Sherbondy*, 865 F.2d at 1005, "the definition of 'violent felony' in § 924(e) does not pose any fairness or notice problem.... [A] person with three unexpunged felonies on his record should not be surprised to find them used against him when he is sentenced under [the Firearms Owners' Protection Act]."

6. Defense counsel, in fact, agreed with the prosecutor and the court to proceed on the basis of the presentence investigation report and used the report in arguing to the court for imposition of a fifteen-year sentence. We recognize that parties may stipulate to the existence of prior convictions. Here, however, the report does not specify the statutory subsection under which Potter was convicted.

plain error doctrine we are not free to reverse his sentence.

Accordingly, the district court's denial of Potter's motion to suppress the gun found in Potter's possession and its enhancement of Potter's sentence pursuant to § 924(e)(1) are hereby

AFFIRMED.