952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Sherman MAXEY, Defendant-Appellant.
 No. 91-10027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 17, 1991.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maxey raises two issues on appeal, one challenging the sufficiency of the evidence, the other challenging whether the nature of his prior convictions warrants the imposition of a fifteen-year mandatory minimum sentence. The latter issue merits remand for resentencing.
 
 
 3
 1. There was sufficient evidence that Maxey possessed a gun. A police officer testified at trial that he saw Maxey throw the gun out of the car window. A rational jury could have based its conviction on this testimony.
 
 
 4
 2. To be sentenced to the fifteen-year mandatory minimum under 18 U.S.C. § 924(e), a defendant must have had three prior convictions for violent felonies or serious drug offenses. Section 924(e)(2) defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." Simple possession of a controlled substance is not a "serious drug offense."
 
 
 5
 Everyone agrees that Maxey has two prior convictions that meet the standards of section 924(e), but there is a dispute about the third. According to one part of the presentence report, Maxey was arrested on May 1, 1981, and sentenced in Nevada state court on April 5, 1982, for "Possession of Controlled Substance." Presentence Report at 4. Another part of the presentence report--the criminal history worksheet--states that this conviction was in fact for "Sale of Controlled Substance." Presentence Report Worksheet C. The district court did not resolve this discrepancy but imposed sentence on the assumption that there were three convictions meeting the standard of section 924(e).[1]
 
 
 6
 Because Maxey did not object to the district court's conclusion that he be sentenced under section 924(e), we can review only for plain error. Fed.R.Crim.P. 52(b). A plain error is "a highly prejudicial error affecting substantial rights." United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.1979); see also United States v. Hernandez-Escarsega, 886 F.2d 1560, 1573 (9th Cir.1989) (plain error occurs when "an error was highly prejudical and there was a high probability that the alleged error materially affected the verdict").
 
 
 7
 In performing a plain error inquiry, we must normally decide first if there was error at all before we examine any possible prejudice flowing therefrom. On this record, however, we cannot determine whether error occurred. But if error did occur--that is, if Maxey does not have three prior convictions that meet the standard of section 924(e)--such error was highly prejudicial because it would have resulted in a twelve and a half year increase in Maxey's sentence.
 
 
 8
 Because the record does not definitively indicate whether the third conviction was for possession or sale, we follow our usual practice of vacating Maxey's sentence and remanding to the district court for a determination whether the April 5, 1982, sentence for the May 1, 1981, arrest was for simple possession or for sale of a controlled substance. See, e.g., United States v. Montenegro-Rojo, 908 F.2d 425, 427-28 (9th Cir.1990) (remand for district court to articulate reasons for departure). If the conviction was for possession, Maxey must be resentenced according to the Guidelines; if it was for a sale, Maxey must be resentenced under section 924(e).
 
 
 9
 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have held that a sentencing court should have copies of the judgments of conviction when determining whether a defendant must be sentenced to the mandatory minimum under section 924(e). United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.1990)