5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sidney A. POTTS, Defendant-Appellant.
 No. 92-30070.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Sept. 15, 1993.
 
 1
 Appeal from the United States District Court, for the District of Alaska, D.C. No. CR-91-53-JKS; James K. Singleton, District Judge, Presiding.
 
 D.Alaska
 
 2
 AFFIRMED.
 
 
 3
 Before: FARRIS and KLEINFELD, Circuit Judges, and EZRA,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Potts was charged with possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a), and of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). At his first trial, the jury convicted him of the cocaine offense, but hung on the firearm offense. On retrial, he was convicted of the firearm offense. He argues on appeal that the district court erred in: (1) denying his motion to suppress evidence found in his motel room; (2) denying his motion to suppress evidence seized from his person; (3) denying his motion for acquittal on the firearm charge; and (4) incorporating the government's theory of the case in its jury instructions. We affirm.
 
 
 6
 I. Facts.
 
 
 7
 Anchorage police learned that Potts sold two cocaine dealers cocaine and gave one of them a stolen gun. They received an anonymous tip about Potts and a woman they had found at his house with drug paraphernalia and a rifle. Potts and the woman had rented three rooms at a local motel. During a three-hour period, over twenty vehicles stopped at the room registered to the woman, including many taxicabs which waited for their passengers to come back out. Over twenty-five calls were made to Potts' room in a two hour period. The affiant on the search warrant, an experienced Bureau of Alcohol, Tobacco and Firearms agent, said that drug dealers commonly rented several motel room to sell drugs, hide money, and manage calls and visitors.
 
 
 8
 The agent could not find a magistrate in town, so he went to a district judge's house at ten at night to get a search warrant. He told the judge that, based on past investigations, Potts was a violent individual who possessed firearms, and also mentioned that the normal knock and announce procedure would enable Potts to destroy evidence (the affidavit described a flushing sound when one of the cocaine dealers who led to Potts had heard the police knock on the door of his motel room). For these reasons, he asked for a "no knock" warrant. The judge agreed, required the agent to write the request on the affidavit, and the judge wrote in his own hand, "Officers may enter without knocking for safety and to avoid destruction of evidence." The judge wrote this on the face of the application form instead of the search warrant form.
 
 
 9
 A combined force of federal agents and local police went to Potts' motel room a little before midnight. The entryway forced them to line up in single file. The federal agent in front knocked on the door, but did not announce who he was. Potts opened the door partway, enabling him to see out and the officers to see in. The lead officer was wearing a vest with a gold badge saying "ATF." The agents forced their way through the door with weapons drawn, announcing "I'm a federal agent with a search warrant," "police," and "get down," and put Potts on the floor and handcuffed him. They did not tell Potts he was under arrest, but Potts was kept cuffed on the floor, and the officers would not let him go. They quickly found a loaded semiautomatic pistol at the foot of the bed, a bindle of cocaine in a kitchen cabinet, and three bindles of cocaine in Potts' shirt pocket. They searched his person as well as the room. The reasons were (1) they had a search warrant and thought it covered a search of his person, (2) they were looking for small bindles, and (3) "in order to sell cocaine, you have to have it on your person to sell it."
 
 
 10
 II. Search of Potts' Hotel Room.
 
 
 11
 We review the denial of a motion to suppress de novo. United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992). Factual findings of the district court are reviewed for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 
 12
 A. Probable Cause.
 
 
 13
 Potts' claim that the motel room search was unsupported by probable cause is unsubstantial. The eight-page affidavit presented to the judge had multiple informants telling the police that they got their cocaine and in one case a stolen gun from Potts. Potts called one of the drug dealers on the telephone while the police were talking to her, and his identity was corroborated by her address book as well as her remark to the police, and his having left his number on her pager. The anonymous tip about the heavy traffic at Potts' motel room was corroborated by three hours of police observation. The question is whether, under the "totality of the circumstances" surrounding the request, the judge issuing the warrant had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. United States v. Brown, 951 F.2d 999, 1002 (9th Cir.1991); United States v. Fannin, 817 F.2d 1379, 1381 (9th Cir.1987). Plainly he did. The affidavit established probable cause to believe that Potts was selling cocaine out of the motel room.
 
 
 14
 B. Knock-and-Announce Statute.
 
 
 15
 Potts next argues that the evidence seized in the search of his hotel room should have been excluded because the search was executed in violation of 18 U.S.C. Sec. 3109, the "knock and announce" statute. We review a trial court's determination of compliance with this statute de novo. United States v. Arias, 923 F.2d 1387, 1391 (9th Cir.), cert. denied, 112 S.Ct. 130 (1991) and 112 S.Ct. 217 (1991). The district court's findings of historical fact are reviewed for clear error. United States v. Contreras-Ceballos, No. 92-30166, slip op. 7619, 7624 (9th Cir. July 20, 1993).
 
 
 16
 Contreras-Ceballos controls. There, state officers wearing vests bearing the Alaska State Trooper insignia knocked on the door of the apartment specified in the search warrant. When asked, the officers identified themselves as "Federal Express." Someone inside the apartment opened the door, saw the officers, and tried to close the door. One of the officers extended his hand and stepped across the threshold, announcing "Troopers, search warrant." The officer used his body to prevent the door from closing, and pushed the person who had opened the door against the wall behind the door. Slip op. at 7622. We upheld the entry and subsequent search. Id. at 7625-26.
 
 
 17
 Here, Potts opened his hotel door in response to the officers' knocking. The door was opened wide enough so that he could see the officers, who wore vests with ATF gold badges. The agents pushed their way into his room, announcing their identity and purpose as they entered. As in Contreras-Ceballos, "the purposes of section 3109 had been fully served.... Their use of force to keep the door open, and to enter, did not implicate section 3109." Id. The entry did not violate section 3109.[1]
 
 
 18
 III. Search of Potts' Person.
 
 
 19
 Potts argues that evidence seized as a result of the search of his person should have been suppressed because (1) the warrant did not authorize the agents to search him, and (2) the search cannot be upheld as a search incident to arrest because Potts was not placed under arrest prior to the search. The district court upheld the search as a search incident to arrest. We review the legality of a search de novo. United States v. Huffhines, 967 F.2d 314, 316 (9th Cir.1992).
 
 
 20
 Potts is right with regard to the warrant. The form has two boxes, one for "on the person of ..." and one for "on the premises known as...." Only the premises box is checked. But the district court correctly decided that the agents' search of Potts should be upheld as a valid search incident to arrest. A search incident to arrest "is valid whether it occurs immediately before or after the arrest." United States v. Potter, 895 F.2d 1231, 1234 (9th Cir.), cert. denied, 497 U.S. 1008 (1990). We therefore need not decide whether the formal arrest occurred when the police said Potts was under arrest, or when they put him on the floor and handcuffed him, with the intention that he not be free to go. The relevant question is whether probable cause for arrest existed before the officers conducted the search incident to arrest. Id. at 1233-34.
 
 
 21
 Probable cause exists when, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." United States v. Smith, 790 F.2d 789, 792 (9th Cir.1986). When Potts was searched, the officers had already discovered a bindle of cocaine and a loaded gun in his motel room, after receiving extensive information strongly suggesting that he was operating a cocaine sales facility there. This evidence was sufficient to create probable cause to arrest Potts.
 
 
 22
 IV. Alleged Errors in Potts' First Trial.
 
 
 23
 Potts argues that the district court should have granted a judgment of acquittal in the first trial because the indictment charged that he "carried" the gun, but there was no evidence that he had the gun on his person or transported it in any way. He claims that the prosecution was limited to proving that he "carried" the gun, and "use" would not do, because of the wording of his indictment. Potts also claims error in the jury instructions on use or carrying in his first trial. Since he was not convicted in that trial, any errors committed during that trial are harmless. See Richardson v. United States, 468 U.S. 317, 326 (1983) (double jeopardy clause does not bar retrial after mistrial due to hung jury regardless of sufficiency of evidence presented at first trial); United States v. Lorenzo, 570 F.2d 294, 299 (9th Cir.1978) (declaration of mistrial rendered any errors in jury instructions harmless). Potts does not claim error in the evidence or instructions in the trial after which he was convicted.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable David Alan Ezra, Judge for the United States District Court, District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we find that the entry did not violate section 3109, we do not address the questions of the district judge's authority to issue a no-knock warrant and applicability of the Leon good faith rule