61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Dale DIES, Defendant-Appellant.
 No. 94-10420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1995.
Decided July 24, 1995.
 
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 Ronald Dies, a convicted felon, challenges the use of two 1971 convictions as "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), to enhance the sentence he received for violating 18 U.S.C. Sec. 922(g)(1). We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate Dies's sentence and remand for clarification and resentencing.
 
 
 2
 First, we remand to the district court so that it may order the Government to produce either the actual judgments or some other form of clearly reliable evidence of the convictions upon which it relied to request enhancement of Dies's sentence under section 924(e). Due to the severity of the penalty and the emphasis on the statutory elements of the offense, "a court should have copies of the judgments of conviction before it when determining whether a defendant has previously been convicted of 'violent felonies,' ... although we do not foreclose the possibility that a defendant's conviction ... might be established by some other form of clearly reliable evidence." United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.), cert. denied, 497 U.S. 1008 (1990).
 
 
 3
 Second, we remand to the district court for clarification of the record. We ask the court to definitively specify which 1971 conviction(s) it relied upon in enhancing Dies's sentence under section 924(e).
 
 
 4
 Finally, at sentencing, Dies objected to portions of his presentence report, contending that it contained factual inaccuracies. It is not clear that the district court considered Dies's objections to the report and made factual findings with regard to those objections. Because the court did not strictly comply with Rule 32, we vacate Dies's sentence and remand for resentencing in compliance with the Rule. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990).
 
 
 5
 The judgment of the district court will be referred to this panel for subsequent proceedings. The SENTENCE is VACATED and REMANDED for CLARIFICATION and RESENTENCING.