O’SCANNLAIN, Circuit Judge,
dissenting.
I am not persuaded that the police violated Albrektsen’s Fourth Amendment rights by entering the motel room in these circumstances. The entry would appear to be justifiable as part of a search incident to Al-brektsen’s arrest.
After Albrektsen opened the door to his motel room, he stood at the threshold under the door frame. One of the officer^ — who clearly could have arrested Albrpktsen in the doorway pursuant to the outstanding war *956 rants — entered, stepping a mere three to four feet past Albrektsen and inside the room. The officer then requested consent to search the premises. Once Albrektsen agreed, the officer placed him under arrest and conducted the search, which uncovered counterfeit currency and computer equipment presumably used in a counterfeiting operation.
The court today holds that the officer’s one-pace entry into the motel room — not the subsequent consent search, but the initial entry — contravened the Fourth Amendment. What the court overlooks, in my view, is that this entry can be justified as part of a search incident to Albrektsen’s arrest. Under Chirael v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the police may, incident to an arrest, search “the arrestee’s person and the area ‘within his immediate control.’” Id. at 763, 89 S.Ct. 2034. The police are authorized to cover “the area from within which the arrestee might gain possession of a weapon or destructible evidence.” Id. As I see it, when Albrektsen was standing in the doorway, he was most capable of lunging inside the room for a weapon and using it to assault the officers. With the police on the other side of the door, Albrektsen — who was not yet handcuffed — had an unobstructed path to a desk, a dresser, and other places in the room where a weapon could be stored. Thus, I believe the police were justified in entering Albrektsen’s room, looking around, and precluding Albrektsen from obtaining a weapon which could be used against them.[1]
I am unable to discern why my colleagues have chosen to ignore the search-ineident-to-arrest explanation for the entry. Under our circuit’s precedent, “[wjhere no findings of fact were made or requested, we will uphold a trial court’s denial of a motion to suppress if there is a reasonable view of the evidence that will sustain it.”[2] United States v. Harrington, 636 F.2d 1182, 1185 (9th Cir.1980) (emphasis added). Assuredly, it is not unreasonable to believe that Albrektsen was in a position to reach for a weapon and endanger the arresting officers. Although Albrektsen was being arrested for misdemeanors, and not for violent felonies, he posed a threat just the same. As the Supreme Court has made patently clear, courts should not “qualify the breadth of the general authority to search incident to a lawful custodial arrest” on the basis of a “speculative judgment” that “persons arrested for [minor offenses] are less likely to possess dangerous weapons than are those arrested for other crimes.” United States v. Robinson, 414 U.S. 218, 234, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). When the concern is police officer safety, authority to search inci *957 dent to an arrest does not depend on the nature of the alleged crime.[3] It is automatic. The simple fact that the police were about to arrest Albrektsen is sufficient reason to render the search — and the entry necessary for that search — constitutional.[4]
I respectfully dissent.

. United States v. Whitten, 706 F.2d 1000 (9th Cir.1983), is consistent with this conclusion. In Whitten, we evaluated the constitutionality of a room search which followed the arrest of a suspect in the doorway of the room. Although we held that "entry into [the arrestee’s] room [could not] be justified as a search incident to arrest," we explained our holding as follows: "At the time of his arrest in the doorway, [the suspect] was handcuffed and nothing in the room was within his reach." Id. at 1016 (emphasis added). We did not purport to create a per se rule that a room can never be searched incident to the arrest of a suspect who manages to position himself in a doorway, instead of a foot inside the room. Indeed, such a holding would be in tension with the Supreme Court's express rejection of formalism in Fourth Amendment jurisprudence. See Ohio v. Robinette, 519 U.S. 33,-, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996) ("[T]he touchstone of the Fourth Amendment is reasonableness.... In applying this test we have consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry.”) (quoting Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991)) (internal quotation marks omitted). Surely, the risk a suspect poses to arresting officers does not magically disappear when he maneuvers himself into a doorway.

. The court now holds that there is an exception to this general rule when the government expressly waives an issue before the district court. See Maj. Op. at 954-55. Perhaps so. However, the government did not waive the argument that the police were conducting a search incident to Albrektsen’s arrest. The prosecutor merely said that he was "not seeking to justify the entry under any form of security sweep.” The protective sweep, or "security sweep,” issue is distinct from what is discussed here, the performance of a search incident to an arrest. See Maryland v. Buie, 494 U.S. 325, 336, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990) (explaining that justification for search incident to arrest is safety threat posed by arrestee whereas justification for protective sweep is threat posed by unseen third parties in the house). See generally, 3 Wayne R. LaFave, Search and Seizure, §§ 6.3, 6.4 (3d ed.1996).

. Although the Robinson Court was addressing a search of a person incident to an arrest, and not a search of the area within the person's immediate control, see Robinson, 414 U.S. at 234, 94 S.Ct. 467, this distinction is one without a constitutional difference. As one leading scholar of criminal procedure has observed, “the [Robinson] Court expressed a distaste for any overly-sophisticated scrutiny of what is necessarily a quick ad hoc judgment.” Wayne R. LaFave, Search and Seizure, § 6.3(c), at 309 (internal quotation marks omitted). The distaste for forcing police officers to make nuanced, speculative judgments on the spur of the moment is, of course, equally unsavory when the police are searching the arrestee's person and when they are searching the area within the arrestee’s immediate control.

. Of course, it is of no consequence that the officer had not yet made the arrest when he entered the motel room. As we held in United States v. Potter, 895 F.2d 1231 (9th Cir.1990), "[a] search incident to an arrest .is valid whether it occurs immediately before or after the arrest." Id. at 1234.