**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Lee KING, Defendant–
Appellant.**

**No. 00–30381.**
**D.C. No. CR–99–00106–JKS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2001.

Decided Aug. 24, 2001.

Before SCHROEDER, Chief Judge, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Robert Lee King entered a conditional plea of guilty to possession of more than five grams of crack cocaine in violation of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

21 U.S.C. § 844(a), reserving the right to appeal the district court's denial of his motion to suppress the cocaine found on his person during a warrantless search. The district court ruled that the search was incident to King's lawful arrest, and that officers conducted the search in a reasonable manner. We affirm.

King contends that officers lacked probable cause before they searched him for contraband. We disagree. Considering the totality of the circumstances, experienced officers could reasonably have believed that the items discovered inside the center console of the Taurus—a wad of cash stored alongside a digital scale coated with white powder residue—were indicia of drug dealing and that King, as the driver, was likely the possessor of those items. *See United States v. Buckner,* 179 F.3d 834, 837–39 (9th Cir.1999); *United States v. Nohara,* 3 F.3d 1239, 1242–43 (9th Cir. 1993); *United States v. Hoyos,* 892 F.2d 1387, 1392–93 (9th Cir.1989); *see also Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (stating that whether a stop occurs in a high crime area is a relevant contextual consideration for officers). Officers therefore had probable cause for King's arrest, and, incident to that arrest, the authority to conduct a reasonable search of King's person. *See United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Buckner,* 179 F.3d at 837–39. It is of no consequence that the search occurred immediately before King's formal arrest. *See Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *United States v. Potter,* 895 F.2d 1231, 1234 (9th Cir.1990) ("[A] search incident to arrest is valid whether it occurs immediately before or after the arrest.").

King also contends that, even if officers had probable cause to arrest, suppression of the cocaine is nonetheless required because officers exceeded the bounds of a "reasonable" search. We conclude that officers, who knew that suspects involved with narcotics often hide drugs in their groin, did not use extreme or patently abusive tactics in this search. *See Robinson,* 414 U.S. at 235–36, 94 S.Ct. 467; *United States v. Rivera–Marquez,* 519 F.2d 1227, 1228 (9th Cir.1975). The Supreme Court has described a typical pat-down search as including a thorough search of the suspect's "arms and armpits, waistline and back, the groin area and around the testicles, and entire surfaces of the legs down to the feet," *Terry v. Ohio,* 392 U.S. 1, 17 n. 13, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and once officers identified the presence of drugs, they were allowed to remove the cocaine, *see United States v. Mattarolo,* 209 F.3d 1153, 1158 (9th Cir.), *cert. denied,* 531 U.S. 888, 121 S.Ct. 208, 148 L.Ed.2d 146 (2000). The district court properly denied King's motion to suppress.

AFFIRMED.