UNITED STATES of America,
Plaintiff—Appellee,

v.

**Ronald Edward DAHLMAN,**
**Defendant—Appellant.**

**No. 03–30472.**

**D.C. No. CR–02–00438–RE.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

Frank Noonan, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2). Therefore, appellant's request for oral argument is denied.

Before HALL, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM [**]

Ronald Edward Dahlman appeals his guilty-plea conviction for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Dahlman appeals the district court's denial of his motion to suppress the gun found in his possession. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dahlman contends that the police officer's search was improper under the Fourth Amendment because the officer searched Dahlman incident to an impending arrest for driving with a revoked license, but then, upon discovering a weapon, arrested Dahlman for felon in possession based on the pistol seized during the search. We review the lawfulness of a search de novo. *United States v. Morales*, 252 F.3d 1070, 1073 (9th Cir.2001).

A search of a suspect's person incident to his arrest is valid whether it occurs immediately before or after the arrest, as long as probable cause exists for the arrest. *See United States v. Potter*, 895 F.2d 1231, 1234 (9th Cir.1990). Because Officer Francis had probable cause to arrest Dahlman for driving with a revoked license, the officer's pat-down search before placing Dahlman under arrest was a valid search incident to arrest. *See id.* That the fruits of that search resulted in a different arrest does not render the search invalid. *See id.*

The district court's denial of the motion to suppress was therefore proper. *See id.*

AFFIRMED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

