**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID L. TOMBLIN, | No. 11-56157 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02450-PJW |
| v. | |
| COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, THOMAS LUU, DANILO R. CASTANEDA, JR. and ROMEO PASCUAL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Appellant David Tomblin appeals from a grant of summary judgment in favor of appellees Los Angeles County Sheriff's Deputies Thomas Luu and Danilo Castaneda. Tomblin sued the deputies pursuant to 28 U.S.C. § 1983 based upon his 2009 arrest, which Tomblin claims violated his Fourth Amendment rights in various ways. He now challenges the district court's holding that the deputies' approximately 35-minute detention of Tomblin was a lawful arrest supported by probable cause, despite the fact that the officers ultimately determined that Tomblin had no connection to the crime being investigated. Because the totality of the circumstances that existed at the time of Tomblin's arrest objectively demonstrate that the deputies had probable cause to arrest, we affirm. Tomblin does not contend in this appeal that probable cause dissipated after arrest.

This Court "review[s] a district court's grant of summary judgment *de novo*." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009). "A determination of probable cause is a mixed question of law and fact which this [C]ourt reviews *de novo*." *United States v. Potter*, 895 F.2d 1231, 1233 (9th Cir. 1990). In addition, "[t]he district court's findings of fact are reviewed for clear error." *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1295 (9th Cir. 1988) (per curiam).

To prevail in a § 1983 suit based on a Fourth Amendment claim of unlawful arrest, a plaintiff must show that "there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "Probable cause is a practical, nontechnical concept." *Potter*, 895 F.2d at 1233. It "exists when the police know 'reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.'" *United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir. 1990) (quoting *Delgadillo-Velasquez*, 856 F.2d at 1296). In making such a determination, courts look to "the totality of the circumstances known to the arresting officers." *United States v. Morgan*, 799 F.2d 467, 469 (9th Cir. 1986) (internal quotation marks omitted). This is an objective inquiry at the time of arrest. *Id.*

Here, Sherriff's Deputies Luu and Castaneda arrested Tomblin based upon a number of facts that indicated that he had stolen a car. Those facts, as determined by the district court, are as follows. On the afternoon of February 6, 2009, during a routine patrol, the deputies received a signal from the Lojack monitoring device located in their police vehicle. Using the code provided by the Lojack monitor, the deputies determined they were in the vicinity of a blue, four-door Jaguar with chrome wheels that had earlier been reported stolen. A police helicopter in the area

3

located a vehicle matching this description and observed the car turning into an apartment complex in what the deputies characterized as a low-income neighborhood. The air unit also saw a man exit the suspect vehicle and stand outside it, seemingly talking on a cell phone. By the time Luu and Castaneda arrived at the apartment complex, the signal on their Lojack device had increased to its maximum intensity, indicating they were very close to the stolen car. The blue, four-door Jaguar with chrome wheels that the helicopter had observed was parked there. The man the air unit had seen standing outside the suspected stolen vehicle—Tomblin—was still there. The deputies further observed in the parking lot a man on foot and a person in a vehicle attempting to exit the driveway, whom they suspected could be a getaway driver. With weapons drawn, Luu and Castaneda ordered all three men to their knees, handcuffed them, and secured the area.

We agree with the district court's conclusion that, based on the totality of the circumstances known to the deputies at the time, they had probable cause to arrest Tomblin. *See, e.g.*, *Del Vizo*, 918 F.2d at 827 ("In considering whether the investigating officers . . . had probable cause to believe that [the defendant] was participating or had participated in the commission of a crime, we are not swayed

4

by the presence or absence of any particular observation alone."). We also find no reason to disturb the district court's factual findings.

Tomblin bases his argument that probable cause was not established primarily on information the deputies acquired after the arrest—which Tomblin conceded at oral argument occurred at the moment he was handcuffed. Specifically, Tomblin points out that, although his car was similar to the stolen vehicle, the year, make, and model were different, as were the license plate and VIN numbers. The suspect vehicle was also registered to Tomblin. In addition, Tomblin is the owner of the apartment complex in which the deputies found the vehicle, which explains his presence there. The true stolen blue, four-door Jaguar with chrome wheels was approximately 250 yards away. Tomblin contends in essence that because the deputies did not conduct the investigation necessary to elucidate these facts prior to arresting him, the arrest was not supported by probable cause.

Although these facts are undisputed, Luu and Castaneda were not aware of them at the time of the arrest. Therefore, they are irrelevant to the probable cause inquiry. Based on the information actually known to the deputies when they arrested Tomblin, we agree that probable cause existed and affirm on this ground.

Tomblin also challenges as improper the deputies' reliance on their assessment that his car was out of place in a low-income neighborhood and the district court's finding that the act of turning into the parking lot could have been an evasive move. Because the matching vehicle description, the maximum Lojack signal, and the helicopter's observance of Tomblin exiting the vehicle were sufficient to provide probable cause to support the deputies' arrest of Tomblin, we need not address these arguments.

**AFFIRMED.**