**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50015 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00341-DOC-1 |
| v. | |
| DOMINIQUE DAMOR CORNEJO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 6, 2016
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

Dominique Cornejo appeals his jury conviction and sentence for conspiracy

to steal mail (18 U.S.C. § 371) and possession of stolen mail (18 U.S.C. § 1708).

We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Officers had reasonable suspicion to stop Cornejo and his co-defendant. They received an in-person tip from a motorist as the crime was being committed, and when they arrived at the scene less than a minute later, they saw mail scattered around the collection boxes and two men who matched the suspects' description five feet from the boxes walking quickly away. This amounts to reasonable suspicion that "criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

2. After stopping Dominique Cornejo and his cousin Alberto Cornejo, Officer Sanchez spotted a piece of mail protruding from Defendant's pocket. This fact, plus those recounted above, gave rise to "a fair probability" that the Cornejos "had committed a crime." *United States v. Potter*, 895 F.2d 1231, 1233–34 (9th Cir. 1990). Because there was probable cause to arrest Defendant, he could be searched incident to his arrest. *Id.* at 1234. Accordingly, the district court properly denied Defendant's motion to suppress.

3. The district court's failure to give a limiting instruction to the jury regarding a witness who testified in two roles was harmless. The prosecution bifurcated the witness's percipient and expert testimony, and there was strong evidence of guilt apart from that witness's testimony. *See United States v. Torralba-Mendia*, 784 F.3d 652, 661–62 (9th Cir. 2015).

4.      It was not clear error for the district court to apply a two-level sentencing enhancement for prior incidents of stolen mail attributed to Cornejo.  The evidence supported a conclusion that the prior mail theft was part of a common scheme to steal checks and money orders, which could then be altered and deposited.

5.      It was not error for the district court to apply a four-level sentencing enhancement according to a "Special Rule," U.S.S.G. § 2B1.1(b)(2), Application Note 4(C)(ii)(I) (2014), that theft from a mail collection box "shall be considered to have involved at least 50 victims."  The Special Rule's text does not support Cornejo's contention that it is merely a rebuttable presumption to be used when the actual number of victims is unknown.  The district court correctly applied the Special Rule in this case, given the difficult-to-quantify non-monetary losses from mail theft offenses and the importance of maintaining the integrity of the U.S. mail. *See United States v. Gonzalez Becerra*, 784 F.3d 514, 519 (9th Cir. 2015).

AFFIRMED.