NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50078 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00496-AB-1 |
| v. | |
| BRIAN LEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted October 17, 2023
Pasadena, California

Before: TASHIMA, COLLINS, and SANCHEZ, Circuit Judges.

Following his conditional plea of guilty to a single charge of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), Defendant-Appellant Brian Lee appeals the district court's denial of his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I**

Reviewing de novo, *see United States v. Smith*, 389 F.3d 944, 950 (9th Cir. 2004), we hold that the district court properly concluded that the police officers

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

who seized Lee had probable cause to arrest him for the offense of drinking alcohol in public in violation of Los Angeles Municipal Code § 41.27(c).

A warrantless arrest is permitted under the Fourth Amendment "when an officer has probable cause to believe a person committed even a minor crime in his presence," *Virginia v. Moore*, 553 U.S. 164, 171 (2008), and the fact that state law might forbid an arrest for that particular offense "do[es] not alter the Fourth Amendment's protections," *id*. at 176. Probable cause exists "if, under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984). Here, the police officers who seized Lee had knowledge of facts and circumstances that objectively established the requisite "fair probability" that Lee had been drinking alcohol on a public street. *Id*. While patrolling in a vehicle, the officers observed Lee standing on a public sidewalk and drinking from "a dark glass bottle with a long neck that appeared to be a beer bottle." When the officers drove closer, they recognized the bottle as a "Pacifico beer bottle." Although Lee suggests that the officers at that point had not excluded the possibility that the Pacifico-labeled beer-style bottle actually contained a non-alcoholic beer or some other non-alcoholic beverage, the officers did not need to establish such certitude before effectuating an arrest. "[P]robable cause requires only a probability or

2

substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983); *see also United States v. Potter*, 895 F.2d 1231, 1234 n.1 (9th Cir. 1990) (rejecting similar claim that officer "should have tested the powder to make sure it was methamphetamine before arresting him").

Because the officers had probable cause to arrest Lee, none of the evidence obtained as a result of that search was subject to suppression.  *See Smith*, 389 F.3d at 950–51 (holding that officers may "conduct a warrantless search of a person who is arrested, and of his surrounding area, when the search is incident to the arrest").[1]

Accordingly, we affirm the district court's decision denying Lee's motion to suppress.

**AFFIRMED.**

---

[1] We therefore have no occasion to address whether the district court was correct in its alternative conclusion that the initial seizure of Lee could be justified as an investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968).  Likewise, because we conclude that probable cause was established based on the facts that we have recounted, we need not address Lee's contention that the district court improperly considered certain additional facts as contributing to the existence of probable cause.