LEMMON, Justice.
This is an appeal from a conviction of attempted simple rape and a sentence of 12 years imprisonment. The principal issue, raised by way of a request for a review of patent errors, is whether attempted simple rape was a proper responsive verdict when defendant was charged with attempted aggravated rape of an 11-year old girl.[1]
At the time of the offense (August 30, 1978), attempted simple rape was enumerated in La.C.Cr.P. Art. 814 subd. A(9) as a responsive verdict to attempted aggravated rape. Without objection, the trial judge instructed the jury (in accordance with the codal article) that attempted simple rape was a responsive verdict to the charged offense, and he informed the jury of the essential elements of both offenses and the penalties therefor. The jury returned a verdict of guilty of the responsive offense.
A lesser and included grade of the charged offense is one in which all of the essential elements of the lesser offense are also essential elements of the greater offense. The crime of attempted simple rape is not truly a lesser and included grade of attempted aggravated rape, since all of the essential elements of attempted simple rape are not included in the crime of attempted aggravated rape of a victim under the age of 12 years.[2] Compare State v. Miller, 111 *256 So.2d 108 (La.1959). Therefore, simple rape was listed as a responsive verdict in Article 814, evidence which was sufficient to support the charged offense was not necessarily sufficient to support the lesser offense. See State v. Dauzat, 392 So.2d 393 (La.1980).
Nevertheless, we have held that if the defendant does not timely object to an instruction on a responsive verdict which (although listed in Article 814) is not supported by the evidence and the jury returns a verdict of guilty of that responsive offense, the defendant may not complain on appeal that the evidence does not support the responsive verdict to which he failed to object. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), decided this date. Under such circumstances, the appellate court may affirm the conviction of the responsive offense, whether or not the evidence supports the verdict, as long as the evidence is sufficient to support the offense charged.
Here, the evidence was clearly sufficient to support the charged offense, and the defendant who failed to object to the responsive verdict instruction cannot now complain that the jury returned that responsive verdict.[3]
The conviction and sentence are affirmed.
WATSON, J., concurs in the result.
DENNIS, J., dissents for the reasons he dissented in State ex rel. Elaine v. Blackburn, 424 So.2d 246 (La.1982).

. Defendant’s other contentions lack any arguable merit and are treated in an unpublished appendix which is part of the official record in this case.

. La.R.S. 14:42, defining aggravated rape, provides in part:
“Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
“(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
“(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
“(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
“(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.”
La.R.S. 14:43, defining simple rape, provides in part:
“Simple rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
“1) Where the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the offender; or when victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim’s incapacity; or
“2) Where the victim is incapable, through unsoundness of mind, whether temporary or *256 permanent, of understanding the nature of the act; and the offender knew or should have known of the victim’s incapacity; or “3) Where the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense or concealment practices by the offender.”

. Additionally, there was evidence in this case that defendant, by repeatedly slapping the victim, used force and that the attempted intercourse was therefore nonconsensual. The evidence, therefore, does support the responsive verdict. See State v. Miller, above.