**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Salim Atif HASAN, Defendant–
Appellant.**

**No. 92–10268.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 1992 *.

Decided Dec. 29, 1992.

Rommel Bondoc, San Francisco, CA, for defendant-appellant.

Laurie Kloster Gray, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: GOODWIN, O'SCANNLAIN, and RYMER, Circuit Judges.

PER CURIAM:

Hasan pled guilty to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). The sole issue on appeal is whether the district court erred in sentencing him as a career offender under the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. Resolution of the issue turns upon whether Hasan's prior conviction for unarmed postal robbery in violation of 18 U.S.C. § 2114 is a "crime of violence" within the meaning of section 4B1.2.

I

The version of section 4B1.2 under which Hasan was sentenced defines "crime of violence," in relevant part, to include "any offense under federal or state law punishable by imprisonment for a term exceeding one year that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another...." U.S.S.G. § 4B1.2(1)(i) (as amended effective November 1, 1989). Hasan ar-

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4.

gues that the crime of unarmed postal robbery does not come within this definition.

■ It is now well established in this circuit that, in carrying out the inquiry mandated by section 4B1.2(1)(i), "we do not look at the specific conduct involved in the defendant's conviction, but apply the so-called 'categorical approach' and evaluate the crime based on its statutory definition." *United States v. Alvarez*, 960 F.2d 830, 837 (9th Cir.1992) (citing *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991)). *See United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990) ("the elements of the crimes of which the defendant was previously convicted, and not the conduct of the defendant on the day the crimes were committed, should control"). Under this approach, "an 'element' of a crime is a 'constituent part' of the offense which must be proved by the prosecution *in every case* to sustain a conviction under a given statute." *United States v. Sherbondy*, 865 F.2d 996, 1010 (1989).

■ We thus consider only the statute under which Hasan's conviction was secured. Its relevant language states:

Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall ... be imprisoned....

18 U.S.C. § 2114. Insofar as it applies to one who "assaults any person" with the intent to commit one of the specified actions, "the use, attempted use, or threatened use of physical force against the person of another" is obviously an element of the offense established by this provision. *See United States v. Lawrence*, 699 F.2d 697, 702 (7th Cir.1983) ("Assault as proscribed by the statute includes either an attempted battery or the placing of another in reasonable apprehension of bodily harm.") (citing *Ladner v. United States*, 358 U.S. 169, 177, 79 S.Ct. 209, 213, 3

L.Ed.2d 199 (1958)). Indeed, Hasan does not contend otherwise.

## II

Hasan nevertheless argues that the conviction of one who "robs any such person" may be obtained under this section without proof that physical force was employed or attempted or threatened "against the person of another." The word "robs," Hasan contends, is sufficiently broad to encompass the mere threat of force against the *property* of another. He suggests that one can be convicted under 18 U.S.C. § 2114 for accomplishing the taking of United States property from the person of another solely by means of a threat to the property of that person—"Give me your mailbag or I will break your radio." Thus, Hasan concludes, "the use, attempted use, or threatened use of physical force against the *person* of another" is not an "element" of the crime of postal robbery as we have defined that term.

We understand Hasan's argument, but reject it. The Seventh Circuit has held that, in the postal robbery statute, "[t]he word 'rob' is used in its common law sense, that is, it involves the taking, animo furandi, and asportation of property from the person of another against his will *by violence or putting him in fear*." *United States v. Rodriguez*, 925 F.2d 1049, 1052 (7th Cir.1991) (emphasis supplied, citation omitted). Hasan has offered nothing that leads us to doubt the correctness of this proposition.

Moreover, the Application Notes to section 4B1.2 state unequivocally that robbery is a "crime of violence." *See United States v. Alvarez*, 960 F.2d 830, 837 (9th Cir.1992) (holding, without further discussion, that defendant's prior conviction for "robbery" "is a proper predicate conviction for" purposes of the career offender enhancement).

## III

As we have in the past, we decline today to decide "whether all robberies, regardless of the statute under which they are pun-

152

ished, should be considered *per se* crimes of violence." *Selfa*, 918 F.2d at 751. We hold only that the offense of postal robbery as defined by 18 U.S.C. § 2114 is such a crime.

AFFIRMED.