621 So.2d 1135 (1993)
STATE of Louisiana,
v.
Kevin R. SIMMONS.
No. 92-KA-1066.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1993.
Rehearing Granted for Clarification Purposes Only August 12, 1993.
Reasons for Grant of Rehearing August 12, 1993.
*1136 Harry Connick, Dist. Atty., Roger Jordan, Robyn C. Gulledge, Asst. Dist. Attys., New Orleans, for the State.
Arthur J. Boudreaux, III, Baton Rouge, for Kevin R. Simmons.
Before KLEES, WARD and LANDRIEU, JJ.
Reasons by Ward, J., for Grant of Rehearing August 12, 1993.
WARD, Judge.
The State filed a bill of information charging that Reverend Kevin Simmons forcibly raped a 14 year old girl, a member of his congregation, in August of 1988, when he was in New Orleans during a convention. Simmons was tried by a twelve-person jury which found him guilty as charged. After the jury verdict Simmons filed a motion asking the trial court to enter a post-verdict judgment of acquittal. The trial court granted partial relief, and pursuant to the authority of C.Cr.P. art. 821, the trial court vacated the jury verdict of guilty of forcible rape and entered a verdict of guilty of sexual battery, a lesser included responsive guilty verdict. The State appealed the trial court's judgment which vacated the jury verdict of guilty of forcible rape.[1]
That part of La.C.Cr.P. art. 821 which the trial court relied upon provides:
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most *1137 favorable to the State, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the State, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post-verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
The State contends that the trial court erred because the trial evidence, when viewed in a light most favorable to the State, adequately supports the verdict of forcible rape, or the lesser included verdict of attempted forcible rape. We disagree. The trial record does not support a conviction for either forcible rape or any other responsive guilty verdict except that of sexual battery.
The record shows that in August, 1988, Simmons, the pastor of the Indian Mound Baptist Church near Baton Rouge, drove to New Orleans with his young son and the victim, aged fourteen. Simmons had asked her to accompany him to New Orleans to look after his son.
Upon arriving in New Orleans, Simmons stopped at the home of some friends and dropped off his son. The victim and Simmons then went to a hotel across the street from the New Orleans Baptist Theological Seminary. Simmons told the victim that he had to go there to pay his bill because that was where he would stay when attending classes at the seminary. After exiting the lobby, he drove toward the rear of the hotel and asked the victim if she would like to see the room. At first she said no, but then acquiesced.
Once inside the room Simmons shut the door and the curtains. He began kissing the victim and then undressed her. He too disrobed and placed the victim on the bed where he unsuccessfully attempted to put his penis into her vagina. Simmons then put the victim on a small table where he once again unsuccessfully tried to put his penis into her vagina. Simmons went into the bathroom where he drew a bath, and both he and the victim got into the tub. Afterwards Simmons and the victim got dressed and Simmons drove to a gift shop where he told the victim to buy a toy for his son so as to explain their absence to his friends. The victim testified that while in the hotel room she asked Simmons if he were in love with her and that he stated he was in lust, not love, with her.
Until New Year's Eve of 1990, the victim had only told her best friend, but on that night she told her brother's best friend, and her mother overheard her. Her mother confronted her New Year's Day, 1991, and the victim told her what had happened. The next day the victim's father was told what had happened, and he informed church authorities who denied Simmons' privileges of preaching and teaching Sunday school.
The victim saw a rape counselor, who reported the incident to the police in New Orleans. When questioned by the police, Simmons admitted coming down to New Orleans with the victim, but denied he attempted sexual intercourse. Rather, he claimed he brought the victim to New Orleans at her request to be tested for pregnancy from sexual intercourse with someone else. The tests were to be conducted at the motel by a female from the seminary. Simmons' statement was admitted into evidence.
Simmons did not testify.
In its sole assignment of error, the State complains that the trial court erred in granting defendant's post-verdict judgment of acquittal and in modifying the jury's verdict of guilty of forcible rape to a verdict of guilty of sexual battery. The State argues that it proved beyond a reasonable doubt that Simmons used force on the victim considering the factual circumstances surrounding the offense.
The elements of the offense of forcible rape are: (1) anal or vaginal sexual intercourse regardless of the degree of penetration; (2) intercourse without the consent of the victim; (3) a victim that was prevented from resisting by force or the threat of physical violence; and (4) who *1138 reasonably believed that resistance would not prevent the rape. R.S. 14:41, 14:42.1; State v. Wright, 598 So.2d 561 (La.App. 4 Cir.1992); State v. Crockett, 583 So.2d 593 (La.App. 4 Cir.1991).
Simple rape is the act of anal or vaginal sexual intercourse with a female who is deemed legally incapable of resisting or intelligently consenting, whether she consents or not, or when the consent is fraudulently obtained. La.R.S. 14:43.
In granting the motion and modifying the verdict, the trial judge obviously concluded that after viewing the evidence in the light most favorable to the State, the evidence and the law pertinent thereto did not support the verdict returned or verdicts of guilty of attempted forcible rape, simple rape, or attempted simple rape. The trial court, in its Judgment On Motion For Post Verdict Acquittal And Motion For New Trial then concluded that all of the essential elements of sexual battery had been proven beyond a reasonable doubt. (Rec. pp. 44-45).
We affirm. First, although the State argues simple rape may be appropriate, the facts in this case will not support either a verdict of guilty of simple rape or attempted simple rape because the victim was capable of consenting, and apparently did consent to whatever Simmons did. Next, the crime was not complete in either crime because penetration is an essential element of each. Finally, as to attempted forcible rape, the elements of the crime of attempted forcible rape have not been proven. Simmons did not use force, nor did he threaten her, nor could she have reasonably believed that resistance would not prevent intercourse.
The State argues there was a forcible rape or an attempt because, it contends, there was sufficient evidence to show force or threats of physical violence, or that the victim reasonably believed resistance was futile. The State points to the fact that Simmons was the victim's pastor, a figure possessing a great deal of authority, and that the victim was only fourteen years old. The State also points to the fact that in the past the victim had seen Simmons impose harsh discipline on his own children.
However, the evidence does not show force nor threats nor that the victim reasonably believed that resistance would prevent the intercourse. As a matter of fact, the evidence shows the opposite. The victim testified that when Simmons was trying to insert his penis, she asked Simmons to stop, and he stopped. When he stopped, she asked him if he loved her. She did not feel threatened. Therefore, the trial court did not err in setting aside the jury's verdict of guilty of forcible rape.
Neither did the trial court err by not entering a judgment of guilty of attempted forcible rape. An attempted crime occurs when a person who has a specific intent to commit a crime does an act for the purpose of and tending directly toward the accomplishing of his object. La.R.S. 14:27. There is no evidence that Simmons' possessed a specific intent to commit the crime of forcible rape. That is, there was no evidence of force or threats or of a reasonable belief that resistance was futile. The trial court did not err.
Nor do we believe, as Simmons argues, that the trial court erred by entering a finding of guilty to sexual battery, as defined by Louisiana Revised Statutes Criminal Code art. 14:43.1. That article prohibits the touching of the anus or genitals of the victim where he or she has not yet attained fifteen years of age, when the offender is more than three years older than the victim. Since Simmons undressed the victim, "touching" is not an issue, and the crucial issue here is whether the victim's age and the age difference was proven by the evidence. It was. The victim in this case testified that she was fourteen years old at the time the defendant committed the acts described above. (T.Tr. p. 24-26) She also testified that Simmons was her pastor, and that she knew he had two children. The trial court had an opportunity to observe Simmons, and considering that he was a pastor and had two children the trial court could easily reach the conclusion that Simmons was more than three *1139 years older than the 14 year old victim when the sexual battery took place.
We conclude that the trial court correctly entered a judgment of guilty of sexual battery, pursuant to the authority granted to the court by La.C.Cr.P. art. 821, supra.
AFFIRMED.

Reasons Assigned by Ward, J., on Rehearing, Aug. 12, 1993.
In this case, Simmons applied for rehearing stating that there is a factual error apparent on the face of the judgment. Simmons is referring to page 5 of the opinion where it is stated that "The victim in this case testified that she was fourteen years old at the time the defendant committed the acts described above." (T.Tr. p. 25) The trial transcript shows that the victim stated that Simmons first revealed that he was sexually attracted to her when she was 14 (T.Tr. p. 24) and that it was this same night, Sunday, that he asked her to go with him to New Orleans (T.Tr. p. 25) The victim and Simmons travelled to New Orleans within the next few days.
For clarity, I am amending page 5 to read as follows:
The victim in this case testified that she was fourteen years old at the time the defendant committed the acts described above. (T.Tr. p. 24-26)
Simmons, in his original brief and application for rehearing, acknowledges that the trip to New Orleans occurred within several days of the Sunday, August 14th, conversation wherein the victim stated she was 14 years old. I do not believe the State must specifically show that the victim was still 14 years old several days later.
NOTES
[1] The minute entry for October 31, 1991 also states that defendant moved for an appeal; however, a check with the district court on February 1, 1993, shows that defendant has yet to be sentenced. Accordingly, defendant's appeal cannot be heard at this juncture, and the issues raised in his brief will not be considered. Defendant can raise these issues on his own appeal after he is sentenced. See C.Cr.P. art. 912.