**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry Nash RILEY, Defendant–**
**Appellant.**

**No. 98–50199.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1999.

Filed July 26, 1999.

Frank Mangan, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Stephen F. Miller, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: PREGERSON, BOOCHEVER, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We consider here the appeal of Henry Nash Riley ("Riley") concerning his 96 month sentence for bank robbery and the district court's decision finding him a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1. In particular, Riley contests the determination that he had previously been convicted of two violent crimes.

## FACTS AND PROCEDURAL HISTORY

In November 1996, Riley entered a San Diego-area federally insured credit union and presented a bank teller with a note stating: "This is a hold up. I have a gun. Give me all your money." Complying with the demand, the teller promptly provided Riley with $5,639. The money contained pre-recorded bait bills and a tracking device. Shortly thereafter, the San Diego police picked up the tracking device's signal and arrested Riley.

Riley subsequently pled guilty to one count of unarmed bank robbery, a violation of 18 U.S.C. § 2113(a). A Presentence Report ("PSR") found that Riley had two prior felony convictions: a 1994 federal bank robbery, and a 1991 attempted simple rape in Louisiana. Since the PSR deemed these prior convictions "crimes of violence," under U.S.S.G. § 4B1.1, Riley was elevated to the status of a "career offender" for purposes of calculating his offense level. As a result, Riley's offense level was raised from 22 to 32 and his criminal history category from IV to VI. After a subtraction for acceptance of responsibility, Riley's offense level as calculated in the PSR was 29. This resulted in a guideline range of 151–188 months.

The district court agreed with the PSR, finding that Riley's two prior convictions were crimes of violence, and deemed Riley a career offender under U.S.S.G. § 4B1.1. The court then departed downward from level 29 to level 23 [1] and sentenced Riley to

---

1. The district court appeared to departed downward based on Riley's mental and emotional condition under U.S.S.G. § 5K2.13.

96 months plus three years supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1294(a) and we affirm.

## ANALYSIS

### I.

■ The district court's determination that Riley is a career offender is an interpretation of the Sentencing Guidelines we review de novo. *See United States v. Bailey*, 139 F.3d 667, 667 (9th Cir.1998); *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990).

2. La.Rev.Stat. Ann. § 14:43 (West 1998):

A. Simple rape is a rape committed when the anal or vaginal sexual intercourse is deemed to be without the lawful consent of a victim who is not the spouse of the offender because it is committed under any one or more of the following circumstances:

(1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause, other than the administration by the offender, and without the knowledge of the victim, of any narcotic or anesthetic agent or other controlled dangerous substance and the offender knew or should have known of the victim's incapacity.

(2) When the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act and the offender knew or should have know of the victim's incapacity.

(3) When the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender....

B. Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without the benefit of parole, probation, or suspension of sentence, for not more than twenty-five years.

La.Rev.Stat. Ann. § 14:27 (West 1998), Attempt:

A. Any person who, having a specific intent to commit a crime, does or omits an act for the purposes of and tending directly toward the accomplishing of his object is guilty of an attempt to commit

### II.

■ We confront a single issue: whether a conviction for the crime of "simple rape" under Louisiana Revised Statute Section 14:43 [2] qualifies as a crime of violence under the Sentencing Guideline's career offender provision.[3] Under U.S.S.G. § 4B1.1, Riley is considered a career offender if he has at least two prior felony convictions for crimes of violence.[4] A "crime of violence" is defined in U.S.S.G. § 4B1.2(a)(2) as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... involves conduct that presents a serious

the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.

C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.

D. Whoever attempts to commit any crime shall be punished as follows: ...

(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

3. Riley does not dispute that his conviction for bank robbery in 1994 constitutes a crime of violence under U.S.S.G. § 4B1.2, nor could he successfully. *See United States v. Selfa*, 918 F.2d 749 (9th Cir.1990).

4. U.S.S.G. § 4B1.1 also requires that: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, [and] (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." It is undisputed that Riley meets these two requirements.

potential risk of physical injury to another."[5]

To make such a determination, we employ a categorical approach and do not examine the actual conduct underlying Riley's conviction. *See Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Hasan,* 983 F.2d 150, 151 (9th Cir.1992). Instead, we analyze only the elements of the crime charged. *See United States v. Sahakian,* 965 F.2d 740, 742 (9th Cir.1992).[6] Thus, we must decide whether the statutory definition of attempted simple rape under Louisiana law fits within U.S.S.G. § 4B1.2(a)(2) as involving "conduct that presents a serious potential risk of physical injury to another." *See also United States v. Young,* 990 F.2d 469, 472 (9th Cir.1993).

To decide this, we must compare our past interpretation of crimes of violence under U.S.S.G. § 4B1.2 with the parameters of the Louisiana statute. Riley's reliance on *United States v. Potter,* 895 F.2d 1231 (9th Cir.1990) is unavailing. *Potter* was convicted of "rape by force" which the court treated as a conviction under California Penal Code 261(2). *See id.* at 1238–39. While the court noted as irrelevant that other provisions of California's 1981 rape statute *might* define rape in a way that would not constitute a violent felony, *see id.* at 1236–37 & n. 4, this statement was dictum. Consequently, *Potter* did not decide the "violent crime" issue.[7]

However, particularly relevant is *United States v. Wofford,* 122 F.3d 787, 792 (9th Cir.1997), where we held that grand theft from a person is a violent crime. That the crime involved "direct physical contact between the perpetrator and the victim" was significant to our determination. *Id.* at 793. Thus, we observed that "[w]hen [the thief] confronts the victim and seizes property from the victim's person, the criminal creates a serious risk of physical injury to another.... Even though the thief might sometimes ... avoid immediate detection by his victim, he risks such a confrontation at every encounter." *Id.* at 794.[8]

Personal contact is, of course, part and parcel of simple rape or its attempt. At its essence, simple rape is "the act of anal

---

**5.** U.S.S.G. 4B1.2(a)(1) also defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." The government conceded that Riley's conviction for attempted simple rape does not fit within U.S.S.G. § 4B1.2(a)(1).

**6.** We may also consider the actual charged conduct "in the count of which the defendant was convicted." *Young,* 990 F.2d at 472. Here, however, neither the charging document nor the plea agreement cite any specific conduct. While the charging document initially stated that Riley and another individual violated Louisiana's attempted forcible rape statute, La.Rev.Stat. Ann. § 14:27:42.1 (West 1998), by "attempt[ing] to have sexual intercourse with one Portia McFarlin without her consent and by force and threats of physical violence", the district attorney amended this document as to Riley stating only that he had violated Louisiana's attempted simple rape statute. As for Riley's plea agreement, the record contains only a certified copy of a plea agreement stating that Riley plea guilty to attempted simple rape. Since neither document contains specific information regarding the conduct for which Riley was "expressly

charged," our analysis is limited to the statute itself.

**7.** *United States v. Mendez,* 992 F.2d 1488, 1490 (9th Cir.1993), which read our statements in *Potter* without the word "may," is also inapposite. There, as in *Potter,* the defendant was charged under a subsection that "indisputable qualifie[d] as a crime of violence." *Id.* at 1491.

**8.** Many of our sister circuits have reached similar conclusions. *See, e.g., United States v. Payne,* 163 F.3d 371 (6th Cir.1998); *United States v. Hawkins,* 69 F.3d 11 (5th Cir.1995); *United States v. DeJesus,* 984 F.2d 21 (1st Cir.1993). For example, the *Payne* court stated that "[w]e can think of no situation in which larceny from the person could occur without presenting a serious potential risk of physical injury." *Id.* at 375. Even when larceny is committed from a sleeping or unconscious victim, the court concluded that it was a crime of violence because it "still involves a serious potential risk of physical injury to another, simply because the victim might notice the pickpocketing act, wake from her sleep, or not be unconscious after all." *Id.* at 375 n. 3.

or vaginal sexual intercourse with a female who is deemed legally incapable of resisting or intelligently consenting, whether she consents or not, or when the consent is fraudulently obtained." *State v. Simmons,* 621 So.2d 1135, 1138 (La.Ct.App.1993). As in *Wofford,* no matter how committed, every time a perpetrator engages in or attempts to engage in an act of rape, some contact with the victim is achieved. Such close proximity coupled with the nature of this offense creates an atmosphere that fosters the potential for physical confrontation. Even in its least violent form, simple rape under the Louisiana statute could result in physical injury to the victim.

 For example, if the victim realized at any point that the perpetrator was not her husband or if the victim came out of her stupor, the situation could easily escalate into a violent confrontation. While every episode of simple rape may not result in physical injury to the victim, the guideline only requires that there be a "serious potential risk of physical injury," not that the injury in fact occur. *See id.* at 794 n. 4.[9] We have noted that "'the typical crime of violence does not have to result in violence, ... the risk of physical force [alone] is sufficient.'" *United States v. McDougherty,* 920 F.2d 569, 574 (9th Cir. 1990) (*quoting United States v. Gonzalez-Lopez,* 911 F.2d 542 (11th Cir.1990)). Moreover, our case law teaches that actual physical injury to the victim is not determinative. Rather, it is sufficient that "the offense *generally* pose[s] a serious risk of physical injury to the victim." *United States v. Wood,* 52 F.3d 272, 276 (9th Cir. 1995) (emphasis added).

Riley argues that simple rape is not a crime of violence because it is merely sex by trickery, deceit, or negligence rather than by force. We rejected a similar argument in *United States v. Williams,* 110 F.3d 50, 52 (9th Cir.1997). There, we

held that, under U.S.S.G. § 4B1.2(a)(2), kidnaping committed by deception, rather than force, constituted a crime of violence, because kidnaping "by its very nature, involves a substantial risk of physical violence." [10] *See also United States v. Sherbondy,* 865 F.2d 996, 1008–09 (9th Cir. 1988). Moreover, in *United States v. Lonczak,* 993 F.2d 180, 183 (9th Cir.1993), we held that child stealing by conduct that either maliciously, forcibly or *fraudulently* takes or entices away the child offers the same risk of physical injury as kidnaping and therefore is a crime of violence under U.S.S.G. § 4B1.2(a)(2).

By definition, simple rape can be achieved by trickery or deception. It is nonetheless a crime against the bodily integrity of the victim. *Cf. In the Interest of M.T.S.,* 129 N.J. 422, 609 A.2d 1266, 1274, 1277–78 (1992). "That deception may be used to effect ... [the rape] does not erase the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint." *United States v. Kaplansky,* 42 F.3d 320, 324 (6th Cir.1994) (en banc). Further, rape also subjects the victim to the physical risks associated with sexually transmitted diseases and pregnancy. *Cf. United States v. Shannon,* 110 F.3d 382, 387–89 (7th Cir.1997) (en banc). As such, it creates a serious potential risk of physical injury and is therefore a crime of violence under U.S.S.G. § 4B1.2(a)(2).

Our own analysis suggests that simple rape is more akin to crimes we have previously deemed inherently violent, *see Wofford,* 122 F.3d at 787 (grand theft from a person); *Wood,* 52 F.3d at 272 (indecent liberties with a child); *Lonczak,* 993 F.2d at 180 (child stealing); *United States v. Huffhines,* 967 F.2d 314 (9th Cir.1992) (possession of a silencer), than those con-

---

**9.** It is also possible that any bystander who intervened and attempted to stop the perpetrator could be physically injured. *See United States v. Sherman,* 928 F.2d 324, 328 (9th Cir.1991).

**10.** The court also noted that the Commentary to section 4B1.2 specifically provides that kidnaping is a crime of violence. *Williams,* 110 F.3d at 52.

sidered not to be so. *See United States v. Innie,* 7 F.3d 840 (9th Cir.1993) (being an accessory after the fact); *Sahakian,* 965 F.2d at 740 (being a felon in possession of a firearm); *United States v. Sparks,* 87 F.3d 276 (9th Cir.1996) (attempted home invasion).[11] Moreover, while simple rape is potentially of a different order than forcible rape which the Commentary to U.S.S.G. § 4B1.2 explicitly considers a violent crime,[12] it remains an event no less serious and potentially dangerous than larceny, child stealing or kidnaping.[13]

Riley attempts to characterize this crime as nonviolent because the victim may initially consent to the sexual encounter but lack the legal capacity to do so. However, we refuse to minimize a crime solely because its victim may be helpless. The Guidelines in fact provide an enhancement for crimes committed against such "vulnerable victims." *See* U.S.S.G. § 3A1.1 (1997). Moreover, we recently observed that sex crimes committed against the vulnerable, such as an unconscious or intoxicated individual, are particularly egregious and dehumanizing. *See United States v. Morgan,* 164 F.3d 1235, 1239–40 (9th Cir. 1999). Indeed, under Louisiana law attempted simple rape constitutes a crime of violence[14] and carries a sentence of up to twelve and one half years in prison.[15] *See* La.Rev.Stat. Ann. § 14:2.13(k) (West 1998).

Riley does not argue that attempted simple rape should be treated differently from simple rape, nor could he. Such a distinction is of no import to our analysis under U.S.S.G. § 4B1.2; for the Commentary to section 4B1.2, which we must consider, provides that the term crime of violence "include(s) the offense of aiding, abetting, conspiring, and *attempting* to commit such offenses." (emphasis added). Moreover, we have generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence. *See, e.g., Jackson,* 986 F.2d at

---

**11.** Both parties spent considerable energy distinguishing and comparing simple rape with statutory rape. However, this exercise fails to provide any meaningful guidance here, because we have yet to decide whether statutory rape is a crime of violence and our sister circuits are not in agreement on the issue. *Compare United States v. Thomas,* 159 F.3d 296 (7th Cir.1998) (statutory rape not a crime of violence under the armed career criminal offender provision), *with United States v. Meader,* 118 F.3d 876 (1st Cir.1997) (statutory rape a crime of violence under the career offender provision); *United States v. Bauer,* 990 F.2d 373 (8th Cir.1993) (same).

**12.** The Commentary provides that a "crime of violence" includes: "murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling and any other conduct which by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. 1.

**13.** Riley contends that finding attempted simple rape a crime of violence, gives short shrift to the Commentary to U.S.S.G. § 4B1.2, specifically that portion referring to "forcible sex offenses." However, the Commentary states that other crimes not specifically listed but that involve serious risk of physical injury are considered violent. While "[a]ll forcible sex offenses are crimes of violence; it does not

follow that no nonforcible ones are." *Shannon,* 110 F.3d at 388. "Many states still criminalize ... [a host of] adult nonforcible sex offenses [that] could not plausibly be thought crimes of violence." *Id. See also* Idaho Code §§ 5–308, 18–6601, 18–6603 (1997) (seduction, adultery, fornication); Or. Rev.Stat. § 163.515 (1997) (bigamy); Ariz. Rev.Stat. Ann. §§ 13–1412, 13–1409, (West 1998) (lewd and lascivious acts, open and notorious cohabitation or adultery). Thus, our determination that attempted simple rape is a crime of violence by no means renders the term "forcible" superfluous.

**14.** Under Louisiana's Habitual Offender Law, simple rape is also considered a crime of violence. La.Rev.Stat. Ann. 15:529.1(A)(2)(f), and any person convicted of simple rape or its attempt under Louisiana law cannot receive a diminution of sentence for good behavior. La.Rev.Stat. Ann. 15:571.3(C)(1)(g)(s).

**15.** The sentences generally prescribed by Louisiana courts for simple rape and its attempt range from five to twenty-five years. *See, e.g., State v. Thomas,* 424 So.2d 254, 254 (La. 1982) (twelve years for attempted simple rape); *State v. Reed,* 324 So.2d 373 (La.1975) (twenty years for simple rape); *State v. Stelly,* 635 So.2d 725, 726 (La.Ct.App.1994) (five years for attempted simple rape).

314 (attempted first degree burglary a crime of violence); *United States v. Morrison*, 972 F.2d 269, 270–71 (9th Cir.1992) (attempted malicious destruction of use of explosives a crime of violence).[16] Thus, we are satisfied that attempted simple rape is as much a violent crime as the completed offense.

## CONCLUSION

We hold that the simple rape conviction at issue here constitutes a crime of violence within the meaning of U.S.S.G. § 4B1.2(a)(2), and therefore we affirm the district court's determination that Riley is a career offender within the meaning of U.S.S.G. § 4B1.1.

AFFIRMED.

---

**16.** In *United States v. Weekley*, 24 F.3d 1125, 1127 (9th Cir.1994), we held that attempted burglary in Washington state was not a crime of violence under the Armed Career Criminal Act (ACCA), U.S.S.G. § 4B1.4. There are a number of material differences between section 4B1.4 and section 4B1.2. Most impor-

tantly, though, is that the Commentary to section 4B1.4 explicitly states that "[i]t is noted that the definitions of 'violent felony' ... are not identical to the definitions of 'crime of violence' ... used in § 4B1.2 (Career Offender)."