**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darnell HODGES, Defendant–Appellant.**

No. 00–10071.

D.C. No. CR–98–00169–JBR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001 *.

Decided Feb. 22, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI and HAWKINS, Circuit Judges.

MEMORANDUM **

■ 1. Gomez and Santiago were "unavailable" to testify because the government made good faith efforts to obtain

their presence at trial. *See Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Windham v. Merkle,* 163 F.3d 1092, 1102 (9th Cir.1998). The government visited their last known addresses and interviewed neighbors; it ran utilities checks and driver's license checks; and it contacted the INS, who had no records of either. Because Gomez and Santiago had cooperated with the police throughout the case, the government reasonably did not anticipate that it would be unable to locate them at the time of trial.

■ 2. The district court did not abuse its discretion in admitting evidence regarding Hodges's involvement in the armed robbery. "[E]vidence of other criminal activity may be used for the purpose of providing the context in which the charged crime occurred." *United States v. Collins,* 90 F.3d 1420, 1428 (9th Cir.1996).

■ 3. Nor did the district court abuse its discretion in admitting Hodges's prior convictions for attempted robbery and robbery with use of a deadly weapon under Fed.R.Evid. 609(a)(1). The court balanced the relevant considerations and reasonably found that the probative value of his prior convictions outweighed their prejudicial value. *See United States v. Alexander,* 48 F.3d 1477, 1488–89 (9th Cir.1995).

■ 4. Finally, the district court properly sentenced Hodges as an armed career criminal because he has at least three prior convictions for a "violent felony." [1] *See* 18 U.S.C. § 924(e). Hodges concedes both that attempted robbery is a violent felony and that his conviction for two counts of armed robbery counts twice. *See United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. His conviction for attempted larceny from the person also qualifies as a violent felony.

*See United States v. Wofford,* 122 F.3d 787, 793–94 (9th Cir.1997); *see also United States v. Riley,* 183 F.3d 1155, 1160 (9th Cir.1999) ("[W]e have generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.").

*States v. Antonie,* 953 F.2d 496, 499 (9th Cir.1991).

AFFIRMED.