**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Stuart Marcus MCCOY, Defendant— Appellant.**

No. 99–50089.
D.C. No. CR–96–01069–RMT.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2001 *.

Decided Jan. 23, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Stuart Marcus McCoy appeals his 210–month sentence following conviction by jury trial for bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

■ McCoy first contends that the district court erred in its determination that his California conviction for grand theft from a person was a crime of violence, thus mandating application of the career offender provision under U.S.S.G. § 4B1.1. We review de novo a district court's determination that defendant is a career offender. *United States v. Riley,* 183 F.3d 1155, 1157 (9th Cir.1999), *cert. denied,* 528 U.S. 1174, 120 S.Ct. 1204, 145 L.Ed.2d 1107 (2000).

We ruled in *United States v. Wofford,* 122 F.3d 787, 793–94 (9th Cir.1997), that "violent felony" for the purposes of § 924(e)(2)(B) included a California conviction for grand theft from a person, because the crime by definition presented "a serious potential risk of injury to another." *Id.* McCoy contends that the career offender sentencing guideline requires a different analysis, one which focuses on the defendant's actual charged conduct. We have previously rejected this argument in *United States v. Young,* 990 F.2d 469, 471–72 (9th Cir.1993) (holding that if a prior conviction is a crime of violence based on statutory elements, then career offender sentence enhancement allowed regardless of actual charged conduct of the defendant).

Under the categorical approach, McCoy's prior conviction was a crime of violence. *See Wofford,* 122 F.3d at 793–94. Accordingly, the district court did not err in applying the career offender provision under U.S.S.G. § 4B1.1.

■ McCoy next contends that the district court should have awarded him a three-point adjustment for acceptance of responsibility. We review for clear error a district court's determination of whether a defendant has accepted responsibility for his crime. *United States v. McKinney,* 15 F.3d 849, 852 (9th Cir.1994). Such determination is entitled to "great deference on review." *See* U.S.S.G. § 3E1 .1 cmt. n. 5.

McCoy maintains that he only went to trial to preserve his right to appeal whether the *Wofford* ruling controlled the definition of "crime of violence" in U.S.S.G. § 4B1.2. However, McCoy did not need to go to trial to preserve his right to appeal his career offender determination. He

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

could have pleaded guilty and then challenged the sentence imposed.[1]

■ Regardless of his reasons for going to trial, McCoy still bears the burden of showing how he evidenced an acceptance of responsibility for his actions. *See United States v. Ochoa–Gaytan,* 265 F.3d 837, 843 (9th Cir.2001). Nothing in the record suggests that McCoy is contrite or remorseful, nor does McCoy's pre-trial conduct evidence any acceptance of responsibility for his actions. *See id.* at 842–43 (stating that while a district court cannot deny an acceptance of responsibility reduction *because* a defendant chooses to exercise his constitutional right to proceed to trial, the court may deny the reduction because of a lack of contrition).

Because McCoy has not clearly demonstrated that he was worthy of a reduction for acceptance of responsibility, we will not disturb the district court's ruling. *See United States v. Davis,* 36 F.3d 1424, 1435–36 (9th Cir.1994) (affirming a denial of a reduction for acceptance of responsibility after finding "no affirmative evidence of contrition in the record" even though the defendant did not contest that he committed the offense, and went to trial only to present an entrapment defense).

AFFIRMED.

---

1. McCoy's plea agreement with the government would not have affected his right to appeal a career offender determination.