UNITED STATES of America,
Plaintiff–Appellee,

v.

Samuel Richard STONE, Defendant–Appellant.

No. 01–10611.

D.C. No. CR–99–01100–ROS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Oct. 1, 2002.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

Before KOZINSKI and KLEINFELD, Circuit Judges, and REED,* District Judge.

MEMORANDUM **

Appellant Samuel Richard Stone ("Stone") appeals his conviction and sentence for two counts of second degree murder on the grounds that: (1) the district court should have suppressed Stone's statements because they were the product of improper collaboration between the tribal police and federal authorities; (2) the district court failed to reduce Stone's sentence based on acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines; and (3) the district court wrongly found that Stone's conviction for attempted child molestation was a crime of violence under § 4B1.2 of the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The parties are familiar with the facts such that we need not repeat them.

We review a district court's denial of a motion to suppress de novo. *United States v. Percy*, 250 F.3d 720, 725 (9th Cir.2001). The district court did not err in denying the portion of Stone's motion to suppress statements made between November 19–30, 1999, because the statements were voluntary and Stone was given full *Miranda* warnings prior to making them. Moreover, because there was no evidence of improper collaboration between the tribal police and the federal authorities, the statements were admissi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ble. *United States v. Michaud,* 268 F.3d 728, 735 (9th Cir.2001).

A district court's decision about whether a defendant has accepted responsibility is a factual determination reviewed for clear error. *United States v. Velasco–Medina,* 305 F.3d 839 (9th Cir.2002). Because the district judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review. *Id.* at —— (quoting U.S.S.G. § 3E1.1 App. Note 5).

Stone asserts that the fact that a defendant is forced to go to trial based on a prosecutor's refusal to accept his proposed plea bargain, where he was convicted of no more than he offered to plead to, should not be a basis upon which to deny a reduction for acceptance of responsibility. Even when a defendant pleads guilty, he is not entitled to acceptance of responsibility as a matter of right. *United States v. Fellows,* 157 F.3d 1197, 1202 (9th Cir.1998) (quoting U.S.S.G. § 3E1.1 App. Note 3). Certainly, a willingness to plead guilty to a lesser included offense by itself does not suffice.

The district court found that Stone's conduct, including his confessions, did not constitute "clear [ ]" acceptance of responsibility as required by the guidelines. *United States v. Scrivener,* 189 F.3d 944, 948 (9th Cir.1999). Stone did make several statements admitting his involvement in the crimes and expressing remorse. However, he also made statements where he attempted to minimize his own involvement in the offense, which cuts against a finding of acceptance. *See id.* We do not find that the district court clearly erred in refusing to give Stone a reduction for acceptance of responsibility.

This court reviews de novo the district court's determination that a defendant is a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. *United States v.*

*Riley,* 183 F.3d 1155, 1157 (9th Cir.1999). The district court did not err in finding that Stone's conviction of "attempted child molestation" under Ariz.Rev.Stat. § 13–1410 involved a "serious risk of physical injury" and was, therefore, a crime of violence for purposes of finding Stone a career offender under § 4B1.1 of the Sentencing Guidelines. *United States v. Wood,* 52 F.3d 272, 275 (9th Cir.1995). Moreover, that Stone's conviction was for an attempt rather than a completed offense is of no import to our analysis. *Riley,* 183 F.3d at 1160.

AFFIRMED.