NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50088 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00209-JAK-2 |
| v. | |
| TYRE JORDAN SIMMONS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 11, 2020**
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and HILLMAN,*** District
Judge.

Tyre Jordan Simmons appeals his conviction by guilty plea and sentence on

charges arising from an incident in which he robbed an undercover Secret Service

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

officer at gunpoint. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

1.     The district court adequately explained why Simmons received a longer sentence than his co-conspirator, Henderson. The district court noted that it was "mindful of the disparity issue," and it can be reasonably inferred from the record that Simmons received a longer sentence because he had a more serious criminal history than Henderson and because he was the one who carried out the robbery and pointed a loaded gun at the agent's head. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole.").

We also conclude that Simmons's Guidelines sentence was not substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). Simmons focuses on the disparity between the length of his sentence and that of Henderson. But because Simmons and Henderson played significantly different roles in the crime, Henderson's sentence is not an appropriate point of comparison. *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). In any event, "a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal," *Carty*, 520 F.3d at 988, and we conclude that it was within the district court's discretion to impose the Guidelines sentence at issue here.

2.     Simmons argues that neither his conviction for postal robbery nor his

2

conviction for assault on a federal officer qualifies as the predicate "crime of violence" necessary to uphold his conviction under 18 U.S.C. § 924(c). To qualify as a crime of violence, the elements of the offense must meet a force requirement (use, attempted use, or threatened use of "force capable of causing physical pain or injury to another person"), *Johnson v. United States*, 559 U.S. 133, 140 (2010), and an intent requirement ("a higher degree of intent than negligent or merely accidental conduct"), *Leocal v. Ashcroft,* 543 U.S. 1, 9 (2004).

Simmons was convicted of assault on a federal officer while using a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b). We previously held in *United States v. Juvenile Female* that this offense is categorically a crime of violence. 566 F.3d 943, 947 (9th Cir. 2009). *Juvenile Female* controls here.[1]

Simmons's conviction under 18 U.S.C. § 2114(a) for postal robbery while putting a person's life in jeopardy by the use of a dangerous weapon also qualifies as a crime of violence. Because the term "robs" in § 2114 refers to common-law robbery, *United States v. Hasan*, 983 F.2d 150, 151 (9th Cir. 1992) (per curiam), the offense satisfies the force requirement. *Stokeling v. United States*, 139 S. Ct.

---

[1] To the extent Simmons argues that *Juvenile Female* insufficiently addressed the intent prong, we have explained that a § 111 conviction requires a defendant to have acted with "the evil purpose or mental culpability which was the essential mental component of common-law assault and battery." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1123 (9th Cir. 2012). This is sufficient to satisfy the intent requirement.

544, 555 (2019) (holding that common-law robbery categorically satisfies *Johnson*'s force requirement). We reject Simmons's argument that the crime fails to satisfy the intent requirement under *Leocal*. We have held that the conduct required for bank robbery under § 2113 necessarily satisfies the intent prong, *United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018) (per curiam), and cases interpreting the bank robbery and postal robbery statutes "have long been authority for decisions in cases arising under the other," because the required conduct for these offenses is nearly identical. *United States v. Hudson*, 564 F.2d 1377, 1380 n.2 (9th Cir. 1977).

**AFFIRMED.**