# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3039

_____

United States of America

*Plaintiff - Appellee*

v.

Larry Rouillard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 16, 2012
Filed: December 13, 2012

_____

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Larry Rouillard was convicted of knowingly engaging in a sexual act with Marsha Chapman Reyes when she was incapable of appraising the nature of the conduct and physically incapable of declining participation in that sexual act, in violation of 18 U.S.C. § 2242(2) and 18 U.S.C. § 1153. Rouillard appeals his conviction, arguing the district court erred in refusing to give two of Rouillard's proposed jury instructions and that there was insufficient evidence to support his

conviction. Because we agree with Rouillard that the district court erred in its jury instruction as to the elements required to establish a violation of section 2242(2), we reverse.

## I.

On the night of May 29, 2010, Rouillard and Reyes began drinking at the residence of Reyes's mother, Patricia Chapman, which is located on the Santee Sioux Indian Reservation in Nebraska.[1] Both Rouillard and Reyes are enrolled members of the Santee Sioux Nation Indian tribe. They had known each other for approximately eight months but were not romantically or sexually involved.

The accounts of Rouillard and Reyes diverge as to what occurred after midnight. At trial, Reyes testified that after she had consumed approximately ten drinks, she remembered leaving Rouillard sitting in a chair in the living room alone. Reyes stated that she made her way to her bedroom in the house, closed the door to her bedroom, and passed out on her bed. Reyes further testified that when she woke up in her bed the next morning she had no recollection of having sexual contact with Rouillard, but circumstances led her to believe she had been raped by Rouillard during the night. Such circumstances included: feeling "different" in her vaginal area; finding that her shirt had been pulled up under her armpits to expose her breasts; realizing she was not wearing any underwear, although she remembered wearing them the night before; finding she was wearing a pair of green khakis when she remembered wearing jeans the night before; and bruising on her inner right thigh.

In contrast, Rouillard testified that he had gone with Reyes to her room and that he talked with Reyes as they lay on her bed. Rouillard stated that the two kissed and

---

[1] We note that Rouillard stipulated to federal Indian country jurisdiction under 18 U.S.C. § 1153.

that he used his finger to penetrate Reyes's vagina. According to Rouillard, Reyes was awake and consented to the sexual contact.

At the conclusion of the evidence, a jury found Rouillard guilty of violating 18 U.S.C. § 2242(2). The trial court denied Rouillard's motion for a judgment of acquittal. Rouillard was sentenced to a term of 30 months imprisonment and five years of supervised release.

II.

Rouillard contends the district court erred by refusing to give two proposed jury instructions and by denying his motion for acquittal based on insufficiency of the evidence. We address only his argument as to his first disputed jury instruction because we find it dispositive.

The jury instruction in question dealt with the statutory elements for a conviction under 18 U.S.C. § 2242. Section 2242 states in pertinent part:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly--
> . . .
> (2) engages in a sexual act with another person if that other person is--
>        (A) incapable of appraising the nature of the conduct; or
>        (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;
> or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2242(2)(A) & (B); see also id. § 2246(2)(C) (defining "sexual act").

Rouillard contends section 2242(2) requires that the defendant have knowledge of the victim's incapacity or inability to consent. To that end, Rouillard proposed a

jury instruction that would have required the jury to find not only that Rouillard engaged in a sexual act with Reyes while she was incapable of consenting, but that "[t]he defendant knew that . . . Reyes was incapable of appraising the nature of the conduct, or that she was physically incapable of declining participation in, or communicating an unwillingness to engage in, that sexual act." Rouillard borrowed the language for the instruction from the Modern Federal Jury Instructions, and offered the instruction based on his theory that he did not know that Reyes was incapacitated. The trial court rejected Rouillard's reading of section 2242, finding Rouillard's knowledge that Reyes was incapacitated was not an element of the offense. Instead, the court construed the applicable elements of section 2242(2) as being (1) Rouillard knew he was participating in a sexual act, and (2) Reyes was incapable of appraising the nature of the act or giving consent. Cf. United States v. Smith, 606 F.3d 1270, 1281 (10th Cir. 2010) (listing elements as including, *inter alia*: (1) defendant knowingly engaged in a sexual act with victim; (2) the sexual act consisted of penetration of genital opening; and (3) victim could not communicate unwillingness to engage in sexual act).

The issue before us is whether the mens rea requirement in section 2242(2) required that Rouillard merely know that he was engaging in a sexual act, or whether it also required that Rouillard know that Reyes was incapacitated. "[A]lthough district courts exercise wide discretion in *formulating* jury instructions, when the refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo." United States v. Young, 613 F.3d 735, 744 (8th Cir. 2010) (internal citation omitted).

In determining whether the knowledge requirement attaches to both elements of 2242(2), we must first determine whether our decision in United States v. Betone, 636 F.3d 384 (8th Cir. 2011), decided the issue. In that case, Betone challenged the sufficiency of the evidence of his conviction under section 2242(2), arguing that the victim was awake during their sexual encounter. Pointing to the male victim's

-4-

testimony that Betone began fellating him while he was asleep, we concluded that the victim's "testimony alone establishe[d] the elements of § 2242(2)." 636 F.3d at 387.

A logical reading of Betone would seem to indicate it decided the issue before us because it assigned no knowledge requirement to the victim-incapacity element of section 2242(2). However, the argument that Rouillard raises on appeal is different than the one raised in Betone. In Betone, the defendant merely argued that there was insufficient evidence to support his conviction. Here, Rouillard focuses his argument on the mens rea requirement of section 2242(2). "[W]e are generally not bound by a prior panel's implicit resolution of an issue that was neither raised by the parties nor discussed by the panel." Streu v. Dormire, 557 F.3d 960, 964 (8th Cir. 2009). The legal issue raised by Rouillard is distinguishable from the one framed by Betone.[2] We must therefore address whether a mens rea requirement should have attached to Rouilard's knowledge of Reyes's incapacity or inability to grant consent.

"[D]etermining the mental state required for commission of a federal crime requires 'construction of the statute and . . . inference of the intent of Congress.'" Staples v. United States, 511 U.S. 600, 605 (1994) (citation omitted). "[O]ffenses that require no *mens rea* generally are disfavored, and [the Supreme Court has] suggested that some indication of congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime." Id. at 606 (internal citation omitted). Furthermore, the Supreme Court has stated broadly that when a mens rea

---

[2] We note that in stating that a victim's testimony was enough, Betone relied on two previous cases from our circuit. However, those cases are distinguishable because they involved sexual abuse of minors. See United States v. Kirkie, 261 F.3d 761, 768 (8th Cir. 2001) (finding testimony of child abuse victim by itself was sufficient evidence to support convictions for aggravated sexual abuse of a child); United States v. Carter, 410 F.3d 1017, 1027 (8th Cir. 2005) (finding no plain error where defendant's sentence for sexual abuse of a minor was increased under the Sentencing Guidelines because the minor was incapacitated as contemplated by section 2242).

element is placed at the beginning of a statute, it is to presumptively apply to all elements in the statute. Flores-Figueroa v. United States, 556 U.S. 646, 652 (2009). Yet "the inquiry into a sentence's meaning is a contextual one," which may turn on "a more detailed explanation of background circumstances" behind the statute. Id. For example, courts have recognized a "special context" in regard to sexual crimes against minors to rebut the presumption that a "knowing mens rea applies to every element in a statute." See, e.g., United States v. Daniels, __ F.3d __, No. 10-14794, 2012 WL 2505535, at *9 (11th Cir. July 2, 2012). See also United States v. Rehak, 589 F.3d 965, 974 (8th Cir. 2009) (concluding context demonstrated that term "knowingly" did not apply to all elements of theft-of-government-property charge under 18 U.S.C. § 641).

Although plain reading reveals that section 2242(2) is somewhat ambiguous as to what the word "knowingly" applies, pursuant to Staples and Flores, there is a presumption that the term also applies to the circumstances following the conjunction "if." In its supplemental briefing, the Government concedes that "nowhere in the legislative history [of section 2242(2)] is the defendant's knowledge of the victim's incapacitation even discussed." (Appellee's Supp. Br. at 7.) Our own review of the legislative history has also failed to demonstrate that the context of the statute rebuts the presumption.

Section 2242 was passed into law as part of the Sexual Abuse Act of 1986. The House Report issued by the Judiciary Committee stated that the purpose of the legislation was to "modernize and reform Federal rape statutes." H.R. Rep. No. 99-594, at 6 (1986). Such modernization and reform included:

> (1) defining the offenses in gender neutral terms; (2) defining the offenses so that the focus of a trial is upon the conduct of the defendant, instead of upon the conduct or state of mind of the victim; (3) expanding the offenses to reach all forms of sexual abuse of another;

(4) abandoning the doctrines of resistance and spousal immunity; (5) and expanding Federal jurisdiction to include all Federal prisons.

H.R. Rep. No. 99-594, at 10-11. Notably, although the the statue was "drafted broadly to cover the widest possible variety of sexual abuse," id. at 12, no mention is made of any intent to make section 2242(2) a strict liability crime.

We recognize that "sex crimes committed against the vulnerable, such as an unconscious or intoxicated individual, are particularly egregious and dehumanizing." United States v. Riley, 183 F.3d 1155, 1160 (9th Cir. 1999). The harm experienced by a victim is not alleviated where the assailant is acquitted based on his claim that he *did not know* that the victim was incapacitated. However, "the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct." United States v. X-Citement Video, Inc., 513 U.S. 64, 71-72 (1994). Knowingly "engag[ing] in a sexual act with another person" is not inherently criminal under federal law, barring some other attendant circumstance. Thus, we believe the statute is properly read as requiring defendant's knowledge that the other person was incapacitated.

Given the lack of direction from Congress, we find that the word "knowingly" extends to the element in section 2242(2) that the victim be "incapable of appraising the nature of the conduct . . . or . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." 18 U.S.C. § 2242(2)(A) & (B). Upon de novo review, we conclude that the district court's failure to give Rouillard's instruction deprived Rouillard of his defense that he did not know that Reyes was incapacitated or otherwise unable to deny consent.

III.

We reverse and remand for a new trial.

_____