BRIGHT, Circuit Judge,
dissenting in part.
We have a unique situation here where two opinions, based on similar factual scenarios, filed simultaneously, have set forth directly opposite conclusions on the same issue. The appellant in United States v. Larry Rouillard, 701 F.3d 861 (8th Cir. 2012), contends, as does Bruguier, that section 2242(2) requires the defendant to have knowledge of the victim’s capacity or inability to consent. In my view, the Rouillard panel correctly concluded in the affirmative.
In this case both Bruguier and Crystal were intoxicated from the effects of their boozing. When she awoke, Crystal had no recollection of having sexual intercourse with Bruguier the night before. Contrary to her asserted belief that she had been raped, Bruguier claims the two had consensual sexual intercourse. On these facts, Bruguier asked the district court to instruct the jury that to find him guilty of sexual abuse of Crystal they had to find, as an element of the offense, that Bruguier knew Crystal was physically incapable of consenting to the sexual act. In refusing Bruguier’s request, the district court erred. United States v. James Bruguier, No. CR. 11-40012-01-KES, 2011 WL 4708853 (D.S.D. Oct. 4, 2011). I therefore dissent[3] from the majority and adopt the analysis in Rouillard as providing the correct interpretation of section 2242(2) and the relevant case law.
The Government’s insistence that United States v. Betone, 636 F.3d 384 (8th Cir.2011), has resolved this precise issue can be dispensed with, as the Rouillard panel has, because:
*406 [T]he argument that [Bruguier] raises on appeal is different than the one raised in Betone ... [where] the defendant merely argued that there was insufficient evidence to support his conviction. Here, [Bruguier] focuses his argument on the mens rea requirement of section 2242(2).... The legal issue raised by [Bruguier] is distinguishable from the one framed by Betone.
Rouillard, 701 F.3d at 863-64. Further, as the Rouillard panel aptly explained:
“[S]ex crimes committed against the vulnerable, such as an unconscious or intoxicated individual, are particularly egregious and dehumanizing.” United States v. Riley, 183 F.3d 1155, 1160 (9th Cir.1999). The harm experienced by a victim is not alleviated where the assailant is acquitted based on his claim that he did not know that the victim was incapacitated. However, “the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct.” United States v. X-Citement Video, Inc., 513 U.S. 64, 71-72, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). Knowingly “engaging] in a sexual act with another person” is not inherently criminal under federal law, barring some other attendant circumstance. Thus, ... [section 2242(2)] is properly read as requiring defendant’s knowledge that the other person was incapacitated.
Id. at 865 (emphasis in original).
Despite the majority’s position that United States v. Peters, 277 F.3d 963 (7th Cir.2002), is distinguishable because the district court there did not consider the propriety of the jury instruction “like the one Bruguier seeks,” the Seventh Circuit’s decision supports Bruguier’s contention. The district court instructed the jury that to sustain the charge of sexual abuse in violation of section 2242(2) they needed to find Peters knew the victim was physically incapable of declining participation in or communicating unwillingness to engage in the sexual act. Id. at 966. As a ground for reversal, the Seventh Circuit concluded the government failed to sufficiently establish that Peters knowingly engaged in a sexual act with the victim when she was physically incapable of declining participation. The court thereby adopted the scienter requirement of knowingly to require knowledge of the victim’s inability to decline participation in the sexual act. Id. at 968. The court did not reject the validity of the jury instructions. Although implicit, the court in essence adopted the same instructions Bruguier requested.
Some may assert that section 2242(2) does not appear to require the mens rea Bruguier urges. However, where a statute is silent on the mens rea, that “silence ... by itself does not necessarily suggest that Congress intended to dispense with a conventional mens rea element, which would require that the defendant know the facts that make his conduct illegal.” Staples v. United States, 511 U.S. 600, 605, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). “[T]he existence of a mens rea is the rule of, rather than the exception to, the principles of [our] criminal jurisprudence.” Id. (quotation omitted). Mens rea is important in determining criminal responsibility and to avoid punishing a defendant for something he may not have known about, such as here, where Bruguier was so grossly intoxicated that he may not have known or realized Crystal was incapable of declining participation in the sexual act.
Because I believe the district court erred in instructing the jury on the charge of sexual abuse of Crystal, I also dissent from the majority’s position that any error in applying the vulnerable victim adjustment to Bruguier’s conviction was harmless. Absent a guilty verdict on this *407 charge, Bruguier’s combined offense level would be 40, not 41, and result in a guideline range of 824 to 405 months in prison. See U.S.S.G. § 3D1.4. This difference is anything but harmless.
Finally, I note that Bruguier should not have received a guidelines sentence. The district court’s decision to sentence Bruguier to 30 years in prison is reflective of the heavy sentences typically imposed on American Indians for crimes committed on reservations as compared to sentences imposed for crimes committed by non-Indians off the reservations. See United States v. Deegan, 605 F.3d 625 (8th Cir.2010) (Bright, J., dissenting) (noting the disparate treatment in sentencing between a woman on the reservation versus a woman off the reservation for the crime of neonaticide); Native Americans and the Death Penalty, Death Penalty Information Center, http://vnm. deathpenaltyinfo. org/ native-americans-and-death-penalty (last visited Dec. 19, 2012) (“On average, American Indians receive longer sentences than non-Indians for crimes. They also tend to serve longer time in prison for their sentences than non-Native Americans.”)
I would remand for a new trial on the charge of sexual abuse of Crystal or a resentencing without consideration of that charge. To resolve this intra-circuit conflict, I believe an en banc review of this issue would be appropriate. In the meantime, I urge district courts to follow the rule of law in Rouillard.

. I agree with my colleagues with regard to the sufficiency of the evidence to sustain Bru-guier’s burglary conviction and the district court’s calculation of his Guidelines range.