**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 04 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK MARC COOLEY,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>R. LEUNG, P # 8556; E. LUDTKE, P # 9044,<br><br>Defendants - Appellants. | No. 13-16824<br><br>D.C. No.<br>2:10-cv-01138-RLH-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted October 19, 2015[**]
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

This appeal arises from the District Court's denial of the police officer Defendants' motion for summary judgment on their qualified immunity defense. Plaintiff Frederick Marc Cooley brought suit pursuant to 42 U.S.C. § 1983, claiming that Officers R. Leung and E. Ludtke ("Officers") violated Cooley's Fourth Amendment rights during a traffic stop. Cooley claimed that the Officers lacked reasonable suspicion to make the stop, to question him beyond the scope of the reason for the stop, to pat search him, and to conduct an inventory search of his vehicle. The Officers moved for summary judgment on the grounds that qualified immunity shielded them from liability and that their actions were supported by reasonable suspicion. The District Court denied the Officers' motion. We have jurisdiction over the Officers' appeal pursuant to 28 U.S.C. § 1291. *See Mattos v. Agarano*, 661 F.3d 433, 439 & n.2 (9th Cir. 2011) (en banc).

We "review de novo a district court's denial of summary judgment on the basis of qualified immunity." *Id.* at 439. To determine whether the qualified immunity defense applies, we ask "whether the officer violated a plaintiff's constitutional right," and if so, "whether the constitutional right was 'clearly established in light of the specific context of the case' at the time of the events in question." *Id.* at 440 (internal citations omitted).

**1.** The District Court did not err in denying summary judgment to the Officers with respect to the vehicle stop. To justify a vehicle stop, "officers need only 'reasonable suspicion'—that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law." *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) (internal citation omitted). Reviewing the facts in the light most favorable to Cooley, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), Cooley was stopped for driving a late-model vehicle with a temporary registration placard in an area known for narcotics trafficking. Though the Officers suspected that the registration might have been fraudulent, nothing suggested that it was. The parties dispute whether Cooley had been driving evasively. On those facts, we cannot hold that the stop was supported by reasonable suspicion. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[I]nnocuous conduct does not justify an investigatory stop unless there is other information or surrounding circumstances of which the police are aware, which, when considered along with the otherwise innocuous conduct, tend to indicate criminal activity has occurred . . . .") (emphasis omitted). Further, the right at issue was clearly established at the time of the stop. *See Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014); *Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011). Accordingly, the Officers are not entitled to

3

qualified immunity, the District Court properly denied summary judgment on this issue, and we affirm.

**2.** The District Court erred in denying summary judgment to the Officers on their claim of qualified immunity for the scope of the investigation and duration of the traffic stop. "When stopping an individual for a minor traffic violation, 'an officer's mission includes 'ordinary inquiries incident to [the traffic] stop.'" *United States v. Evans*, 786 F.3d 779, 786 (9th Cir. 2015) (internal citation omitted). "[A]n officer may prolong a traffic stop if the prolongation itself is supported by independent reasonable suspicion." *Id.* at 788. If, however, "the officers' questioning d[oes] not prolong the stop," it "need not [be] supported by separate reasonable suspicion." *United States v. Mendez*, 476 F.3d 1077, 1081 (9th Cir. 2007).

Accepting Cooley's version of the facts, and drawing reasonable inferences in his favor, the traffic stop was not unreasonably prolonged. The record on appeal indicates that the stop lasted approximately fifteen minutes. The Officers were not required to conduct their investigation at "top speed," and are permitted to take "brief pauses to ask questions during traffic stops, even if those questions are unrelated to the purpose of the stop . . . ." *See United States v. Turvin*, 517 F.3d 1097, 1102 (9th Cir. 2008). Because the stop was not unreasonably prolonged, the

4

Officers did not violate Cooley's Fourth Amendment rights, and they are entitled to qualified immunity. The District Court's denial of summary judgment on this point was error, and we reverse.

**3.** The District Court did not err in denying summary judgment to the Officers with respect to the pat search. An officer can conduct a pat search if he "reasonably believes that 'the persons with whom he is dealing may be armed and presently dangerous.'" *United States v. I.E.V.*, 705 F.3d 430, 432 (9th Cir. 2012) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The Officers assert that they could have feared for their safety given Cooley's history of firearms and narcotics convictions, failure to fully answer questions, and nervousness or "hostility." But at summary judgment, we must construe all evidence in the light most favorable to the non-movant, Cooley, *see Scott*, 550 U.S. at 378, and Cooley's statements indicate that he only became hostile after the Officers handcuffed and decided to search him. Given the record before us, a jury question exists as to whether the Officers reasonably believed that Cooley might have been "armed and dangerous," as required for a pat search. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1022 (9th Cir. 2009) ("[F]acts merely establishing that *if* an individual were armed he would be dangerous are insufficient if there was no reason to believe that the individual actually *was* armed."). These rights were clearly established at the time

5

of the incident.  *Id.* at 1023.  Accordingly, the District Court's denial of summary judgment to the Officers with respect to the pat search is affirmed.[1]

* * *

In summary, the District Court properly denied summary judgment to the Officers on Cooley's Fourth Amendment claims regarding the vehicle stop and the pat down, and we affirm on those issues, but the District Court erred in denying summary judgment on Cooley's claim regarding the scope and duration of the stop, and we reverse for the entry of summary judgment on that point.

Accordingly, the judgment of the District Court is **REVERSED in part; AFFIRMED in part;** and **REMANDED** for further proceedings.

The parties shall bear their own costs on appeal.

---

[1] For the first time in their reply brief, the Officers assert that the pat search was valid because it occurred after they had probable cause to arrest Cooley for the driver's license violation.  "A search incident to an arrest [can be] valid whether it occurs immediately before or after the arrest."  *United States v. Potter*, 895 F.2d 1231, 1234 (9th Cir. 1990); *see also United States v. Camou*, 773 F.3d 932, 937 (9th Cir. 2014) (discussing standard for search incident to arrest).  By failing to properly raise this argument, however, the Officers waived it for purposes of this appeal.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

6